Edward M. Walters, et al, Appellants, against George W. Armstrong, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action upon a promissory note, the answer alleged that at the time of the execution and delivery of the note there was a verbal agreement between the parties that an endorsement of the same date should be made upon it of $578. *Held* that the answer did not constitute a defence to the action. A parol agreement contemporaneous with a written contract cannot be set up to *contradict or vary the terms of the latter.*

It seems that a partial want of consideration cannot be interposed as a defence to an action on a promissory note.

Points and authorities of Appellant :

There are two distinct propositions which arise in this case, and which may be thus stated :

*First.*—Where A, being indebted to B upon promissory note, gives B a new note, payable on demand, upon no other consideration than the indebtedness of the old note, can A show in a suit by B on the new note, that it was given for more than the sum due on the old note, and thus limit the recovery to the amount due on the old note ?

*Second.*—If, in a case like the above, a dispute arises between the parties at the time of giving the new note as to the amount due on the old note, and it is agreed that the new note should be given for the sum claimed by the creditor to be due, and if upon calculation it shall be found that *it is*

given for more than was due, the excess shall be credited upon the note as of its date : in a suit upon the new note, between the same parties, can the Defendant under such agreement limit the recovery to the amount due upon the old note ?

We claim the affirmative to be true of both of the above propositions.

As to the *first*, it is well settled that the giving a new note for an antecedent debt is not a payment of such debt without an express agreement to that effect between the parties ; and the taking a new note, and giving up the evidence of the old debt, is no evidence of such agreement. *Maze vs. Miller*, 1 *N. C. C. R.* 328; *Harris vs. Lindsay*, 4 *Ib.* 271; *Jones vs. Farnimere*, 1 *Iowa*, 134; *Spear vs. Atkinson*, 1 *Iredell N. C.* 262; *Olcott vs. Rathbone*, 5 *Wend.* 490; *James vs. Hackley*, 16 *Johns.* 277; *Weed vs. Shaw*, 3 *McLean*, 265; *Hays vs. Stone*, 7 *Hill*, 128; *Elliot vs. Sleeper*, 2 *N. H.* 327; *Jaffrey vs. Cornish*, 10 *N. H.* 505; *Johnson vs. Weed*, 9 *Johns.* 310; *Toby vs. Barber*, 5 *Johns.* 68–72; *Leas vs. James*, 10 *S. & R.* 310.

It is held that even an express agreement, in such case, will not be sufficient, inasmuch as the debt itself is not changed, but only the evidence of the debt. *Cole vs. Sackett*, 1 *Hill*, 516; *Haydell vs. Luer*, 5 *Ib.* 488–200; *Hays vs. Strong*, 7 *Ib.* 28; *Hughes vs. Wheeler*, 8 *Cowan*, 77; *Boyd vs. Smith*, 3 *Wend.* 66.

Then when the Plaintiff took from the Defendant Walters the note for $2,108, it was not a payment of the two old notes but only a new or changed evidence of the indebtedness, and the Plaintiff could sue upon the new or old note ; and as he could sue upon either note it would seem necessarily to follow that what would be a good defence in one case would be equally good in the other.

In Ohio, where it has been repeatedly decided that illegal interest paid cannot be recovered back, it is held that upon a renewed note into which illegal interest has been incorporated, the consideration may be inquired into, and the illegal interest deducted. *Baggs vs. Loudenbach*, 12 *Ohio*, 183; see also, to same effect, *Bridge vs. Hubbard*, 15 *Mass.* 96. This, of course, must be upon the ground that it was not a payment

of illegal interest to include it in a new or renewed note, and that the consideration of the note was open to investigation.

As a note given for usurious interest is not a payment of such interest, but is invalid for want of consideration, so upon the like principle it would seem that a note given for no other consideration than interest for which there was no liability, is not founded upon a good consideration, and cannot be recovered. The same principle must also apply *pro tanto*, where the consideration of a note is in part usurious or uncollectable interest.

The proposition we are now considering rests upon the principle that want or failure of consideration may be shown to defeat a recovery upon a promissory note. The principle that you may show partial failure of consideration in a suit upon note to reduce the amount, is too well settled to be questioned. *Spaulding vs. Vandercook*, 2 *Wend.* 431; *Reab vs. McAllister*, 8 *Wend.* 109; *Burton vs. Stewart*, 3 *Wend.* 238; *People vs. Niagara*, 12 *Wend.* 246; *Vallet vs. Parker*, 6 *Ib.* 615; *People vs. Howell*, 4 *Johns.* 296.

Want or partial want of consideration may be shown in defence to a suit on a promissory note; and a note or other written promise to pay, without a consideration, is *nudum pactum*. *People vs. Howell*, 4 *Johns.* 296; *Pearson vs. Pearson*, 7 *Ib.* 26; *Fink vs. Cox*, 18 *Johns.* 145.

What is the consideration to support a note given simply for alleged interest on another note after maturity at three per cent. per month? If there is any consideration to support such a promise when in writing, it would equally support a similar parol promise. The claim that a party is liable to pay such interest upon the ground that he has promised to pay it, stands upon the same footing, whether the promise is in writing or only parol. Suppose a party *verbally* promises to pay the high rate of interest which a note calls for after maturity; no one will pretend that such a promise can be enforced. And why can it not be enforced? *Not because it is not in writing, but because there is no consideration for the promise.* If the promise is in writing, it is for the same reason inoperative—want of consideration. In either case it is but a simple contract, the consideration of which may be inquired into.

Walters, et al, v. Armstrong..

The point upon which the *second* proposition turns is the question, whether it conflicts with the doctrine that parol evidence is inadmissible to vary a written instrument? We claim it does not. We do not seek to vary the terms of the note in any respect whatever, we seek to show that we are entitled to have a certain amount endorsed on the note. This we claim by virtue of an agreement entered into at the time the note was made, and without which the note would not have been given. We do not seek to interfere with the terms of the note, but to show that we are entitled to a credit upon it. *See Hall vs. Maccubin, 6 Gill; 2 Johns.* 107–110.

Furthermore, the Defendants should be permitted to prove the facts set up in the answer, otherwise a fraud is practiced upon him in obtaining his note. *Christ vs. Diffenbach,* 1 *Searg. & Rawle,* 464; *Field vs. Biddle,* 2 *Dal.,* 171; *Hull vs. Ely,* 5 *Serg. & Rawle,* 363.

Points and authorities of Respondent: ·

*First.*—That the note declared upon by the Plaintiff in the Court below, is shown by the complaint to be a *contract in writing,* entire, complete, unconditional and unambiguous, and if so, that no verbal promise or agreement, made at or before its execution, that would in any way vary or contradict its terms or change the tenor or effect of it, can be shown or set up by way of defence to the written contract, and more especially so if the answer (as in this case) admits the execution and tenor of the note to be as averred in the complaint. *Long on Sales,* 209, 210; 2 *Parsons on Con.* 61; *Edwards on Bills and Prom. Notes,* 313–315; *Spring vs. Lovett,* 11 *Pick.* 417; *Mahan vs. Sherman;* 7 *Black.* 378; *Calhoun vs. Davis,* 2 *Carter Ia. Rep.* 532; *Harvey vs. Laflin, Ib.* 477; *Farnham vs. Ingham,* 5 *Verm.* 114, 152; *Cox vs. Wallace,* 5 *Blackf.*199; *Brown vs. Hull,* 1 *Denio,* 400; *Payne vs. Ladue,* 1 *Hill,* 116; *Erwin vs. Saunders,* 1 *Cowen,* 249; *Bank of Hallowell vs. Baker, et al,* 1 *Min.* 261.

*Second.*—That if the contract or agreement set up in the answer is not plainly shown to be a *verbal contract,* it is at least doubtful whether it is a verbal or written contract or agreement, and ambiguities in pleadings are to be construed

most strongly against the pleader. *Tercy vs. Strain*, 2 *Carter Ia. Rep.* 113.

*Third.*—That *inadequacy* of consideration cannot be set up as a matter of defence to a promissory note, either *in toto* or *pro tanto.* Neither is *partial* failure of consideration any defence to a promissory note, unless it be matter that may be shown in reduction or recoupment of damages, and pleaded in such manner that it would constitute *a cause of action* against the Plaintiff. *Edwards on Bills and Prom. Notes*, 333, *and cases there.*

SMITH & GILMAN, Counsel for Appellants.

W. K. GASTON, Counsel for Respondent.

*By the Court*—ATWATER, J.   The Plaintiff Armstrong brings his action to foreclose a mortgage against the Defendant, securing two promissory notes—one for the sum of $2,108, and one for the sum of $464. The execution of the notes and mortgage is admitted by the Defendant, but the answer claims that the Defendants should be credited on the note of $2,108 at its date, with the sum of $578.78, which the Plaintiff refused to allow.

A motion was made by the Plaintiff to strike out as irrelevant and immaterial, so much of the answer as set up the facts upon which the Defendant relied as entitling him to such credits, which motion was granted, and from the order thereon the Defendants appeal to this Court.

The portion of the answer which is material in the consideration of the points raised on this appeal is as follows—(the notes in suit being the amount as claimed, of two other notes previously held by Plaintiff):

"That on the 30th day of December, 1858, the said Armstrong proposed to said Walters to compute the amount due upon said two notes above described, and that the amount actually due thereon should be placed in a new note, to be secured by a mortgage upon the real estate in said complaint described.

"That thereupon said Armstrong estimated the amount claimed by him to be due upon said two notes at $2,108, to which computation the said Catharine (Walters) and said Edward then and there objected; the said Catharine, whose property was about to be mortgaged to secure the amount due to said Armstrong, insisting that said amount was not legally due, and that she had made inquiries as to the amount, and that the said amount so claimed was more than the amount legally due, and thereupon it was agreed by and between the said Plaintiff and said Edward M. and Catharine, that the amount claimed by said Armstrong should be included in one note; and that if said amount of $2,108 was more than the amount legally due upon said two notes herein first above described as given to said Merritt and Armstrong, that said Walters should be credited upon said $2,108 note and mortgage with a sum equal to such difference, and so as only to leave due upon said note at its date a sum equal to the amount legally due, and no more.

There is but one question which we deem it necessary to examine in the disposition of this case. The answer in substance alleges that at the time of the execution and delivery of the note of $2,108 there was a verbal agreement between the parties that an endorsement of the same date should be made upon it of $578. Can this parol agreement be set up as a defence?

The rule that a parol agreement contemporaneous with a written contract cannot be set up to contradict or vary the terms of the latter, is too well settled to admit of discussion or require the citation of authorities. That the effect of the agreement pleaded in the answer is to vary the terms of the note cannot be doubted. The note admits on its face an indebtedness at the time of the execution thereof, of $2,108. The offer is to show by parol that such indebtedness on the part of the Defendant did not exist, but only the sum of $1,529.22.

The counsel for the Defendant however urges that the defence here offered does not conflict with the rule above stated—that it is not sought to vary the terms of the note, but to have a certain amount endorsed upon it. This is a

distinction without a difference. The real fact sought to be proved is that at the time the note was given the amount of indebtedness therein specified did not in fact exist, and we cannot see that it makes any difference in substance whether it was agreed that that fact should be evidenced by an endorsement upon the note, or by a change in the language of the note itself. The effect is the same in either case. The idea attached to an endorsement upon a note is that of a payment. But it is not claimed in this case that the endorsement was a payment, but that the note was given originally for too large a sum. The Defendant urges that this case is the same as though a sale had been made of articles, and a note given for the purchase money, under the supposition that the articles are in existence, and it turns out that the articles are not in existence, then there can be no recovery upon the note because there is no consideration for it. That is a case of total want of consideration, and there is no doubt but that such a defence may always be set up. But such is not the case at bar, since a consideration in this case is admitted in the answer. Nor is this a case of failure or partial failure of consideration, which presupposes the whole consideration to have been in existence at the inception of the note. It is a case (admitting the allegations of the answer to be true) of partial want of consideration. There are some authorities which hold that a partial want of consideration may be interposed as a defence to an action on a promissory note, but the weight of authority and strength of reasoning I think is clearly opposed to allowing such defence. In *Johnson v. Titus*, 2 *Hill*, 606, it was held that mere inadequacy of consideration, without warranty or fraud, is no defence to a promissory note, but entire want of consideration is a defence to any executory contract. The reasons for this rule are well stated in *Oakley vs. Boorman*, 21 *Wend.* 593, 594, and in *Edwards on Bills and Promissory Notes*, 333, are cited authorities sustaining the same rule. The authorities in most of the States, so far as we have had access to them, sustain the same principle, though in some of the States, by statutory provision a partial failure of consideration is allowed as a defence to an action upon a note, and some of the authorities seem to make no distinction between a

partial failure and partial want of consideration. The subject is examined at considerable extent by *Chancellor Kent, in his Commentaries*, 2d vol., 472, *et seq.*, and many authorities cited.

As we hold the evidence sought to be introduced under the allegations of the answer objected to to be inadmissible, there was no error in striking out these allegations, and the judgment below should be affirmed.