## SLATER *v.* VAN DER HOOGT.

AFFIDAVITS OF DEFENSE; PAROL EVIDENCE; PARTNERSHIP.

1. In a suit on a written instrument, which purports to embody the entire transaction and contains no such ambiguity as would warrant the introduction of parol evidence under any established exception to the rule that excludes such evidence in explanation or contradiction of the terms of a written instrument, an affidavit of defense is insufficient which does not deny its execution but seeks to explain its recitals.

2. An agreement between borrower and lender which provides that upon the sale of certain tax certificates delivered by the former to the latter as security for the loan, the lender shall share in profits that may be made upon the sale of the certificates, which profits are expressly promised in addition to the repayment of the loan and interest thereon, does not make the lender a partner of the borrower.

No. 1385.   Submitted March 17, 1904.   Decided April 5, 1904.

HEARING on an appeal by the defendants from a summary judgment of the Supreme Court of the District of Columbia rendered under the 73d rule of that court, for want of a sufficient affidavit of defense in an action upon a written contract.

*Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a summary judgment rendered upon motion under rule 73 of the supreme court of the District of Columbia.

The action was upon the following instrument:

This agreement made this 8th day of April, 1901, by and be-

tween Robert Y. Slater and Chas. W. Slater, of the city of Washington, D. C., as parties of the first part, and C. W. Van der Hoogt and J. P. Andre Mottu, as parties of the second part. Witnesseth:

That whereas, the said parties of the first part have this day sold and assigned to the said parties of the second part, tax certificate dated April 7th, 1898, on north part of lot 8, square 457, city of Washington, D. C., for the sum of $1,500, which said sale and assignment is made as security for the repayment of the said sum of $1,500.

Now, therefore, it is hereby agreed on the part of said parties of the second part, that they will, upon the repayment of the said sum of $1,500, together with 15 per cent interest thereon, reassign the said tax certificate to the said parties of the first part; and it is hereby agreed on the part of the said parties of the first part, that they will, in addition to the repayment of the said money and interest thereon, pay over to the said parties of the second part two thirds of the profits that shall be derived from the disposition of the said tax certificate by redemption of the same by the fee owners of the property covered thereby, or a sale of the property thereunder.

Witness the hands and seals of the said parties hereto, the day and year first above written.

> ROBERT Y. SLATER.
> CHARLES W. SLATER.
> C. W. VAN DER HOOGT.
> J. P. ANDRE MOTTU.

Witness:
  E. L. CRAIGEN.


No objection has been taken to the supporting affidavit of the plaintiffs, and the case turns upon the sufficiency of the affidavit of defense with which the defendants supported their pleas of the general issue.

After reciting the facts relating to the issue of the tax certificate, substantially as contained in the plaintiffs' affidavit, the defendants proceed to say:

"Further, that on or about said date of April 8, 1901, defendants, being the owners and holders of said certificate as aforesaid, entered into an agreement with the plaintiffs herein, under which agreement it was arranged, understood, and agreed between the plaintiffs and defendants that in consideration of the said plaintiffs paying to deponents, the defendants herein, the sum of fifteen hundred ($1,500) dollars, that the said certificate should be assigned to the plaintiffs and be treated as a partnership asset under the following arrangement, which was between the plaintiffs and defendants mutually agreed upon, that is to say, when a sale of said certificate was made or of the interest in the property thereunder, before any division of profits of the partnership enterprise was made, that the plaintiffs be first reimbursed said sum of fifteen hundred ($1,500) dollars, together with 15 per cent interest thereon, and then after deducting the said fifteen hundred dollars and interest from the proceeds of such sale, the plaintiffs should receive two thirds ($\frac{2}{3}$) of the net profits and the defendants one third ($\frac{1}{3}$) or the balance thereof.

"Deponents further say that the said plaintiffs paid said sum of fifteen hundred ($1,500) dollars as a consideration for their being allowed said interest in the net proceeds of the sale of said certificate after being reimbursed the sum of fifteen hundred ($1,500) dollars and interest, and the said certificate was assigned and delivered to them as security and to protect them in the carrying out of said agreement by the defendants when the sale aforesaid was made; deponents further say that no time for payment of said sum was made or provided for, for the reason that there was no loan to them, and it was impossible to know when said certificate could be realized on, but that under said agreement there was to be no division of profits until plaintiffs were first reimbursed said sum paid by them and interest, whenever a sale of certificate or of the interest in said real estate secured thereunder was made. Deponents further say that the contract entered into between the plaintiffs and them is truly set out in Exhibit 'A' of said declaration. Deponents further say that said sale is not absolutely void and worthless and of no effect; but is a subsisting lien on said real estate."

*Mr. Malcolm Hufty,* for the appellants:

1. The facts stated in the affidavit of defense are not inconsistent with the contract, are not an enlargement of its terms, but are merely explanatory of its provisions. Without this explanation, or some explanation of its provisions, the contract is incapable of interpretation because of uncertainty. *Stoop* v. *Smith,* 100 Mass. 63; *Whelan* v. *McCullough,* 4 App. D. C. 58; *Bradley* v. *Washington, A. & G. Steam Packet Co.* 13 Pet. 98; *Reid* v. *Insurance Co.* 95 U. S. 23; *Keller* v. *Webb,* 125 Mass. 88; *Noyes* v. *Canfield,* 27 Vt. 79; *Pierce* v. *Robinson,* 13 Cal. 117; 2 Taylor, Ev. 8th ed. 985, 1015–1022; 1 Greenl. Ev. § 277.

2. The court will look beyond the terms of the instrument itself to the real transaction; and when it is shown, as the parties have a right to show, that the instrument was intended as a partnership transaction, and not a loan or a sale, but an agreement to repay out of the proceeds of the venture, then the court will give effect to the actual contract of the parties. *Pugh* v. *Davis,* 96 U. S. 336; *Brick* v. *Doe,* 98 U. S. 514.

*Mr. Walter C. Clephane* and *Mr. Watson J. Newton* for the appellees.

Mr. Justice Shepard delivered the opinion of the Court:

The affidavit of defense is without merit, and the court was right in entering judgment upon the plaintiffs' motion.

The written agreement, the execution of which the defendants do not deny, purports to embody the entire transaction, and there is no such ambiguity in it as would warrant the introduction of parol evidence in explanation of its recitals, under any established exception to the time-honored rule that excludes such evidence in explanation or contradiction of the terms of a written instrument.

The terms of the agreement, by which the plaintiffs are permitted to share the profits that might be made upon the sale of

D. C.]                                    Syllabus.

the tax certificate which was delivered to them as security for their loan, do not make them partners of the defendants. *Meehan* v. *Valentine,* 145 U. S. 611, 619, 36 L. ed. 835, 840, 12 Sup. Ct. Rep. 972. As recited in the agreement, these contemplated profits are expressly promised "in addition to the repayment of the said money and interest thereon."

The judgment must be affirmed, with costs.

It is so ordered.                                    *Affirmed.*