# KNIGHT *v.* W. T. WALKER BRICK CO.

PLEADING AND PRACTICE; SET-OFF; PROMISSORY NOTES; AFFIDAVITS OF DEFENSE.

1. In an action on a promissory note, an alleged oral agreement to give a future credit upon it, set up in the affidavit of defense, cannot be availed of by the defendant to defeat the entry of a summary judgment against him for want of a sufficient affidavit of defense, where he has not pleaded a set-off but the general-issue pleas only.

2. While oral testimony is admissible to show that an instrument though in writing never became an obligation, such testimony is inadmissible to show that a promissory note for a sum certain was given upon an oral agreement that a future credit was to be given upon it, and that it was then to be considered a promissory note for the balance, as that would be an attempt by parol to change a note for a given sum into a note for a less sum.

No. 1390.   Submitted April 7, 1904.   Decided May 3, 1904.

HEARING on an appeal by the defendant from a summary judgment of the Supreme Court of the District of Columbia under the 73d rule of that court, for want of a sufficient affidavit of defense, in an action on a promissory note.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Hayden Johnson* for the appellant.

*Mr. W. H. Sholes* and *Mr. Bates Warren* for the appellee.

Mr. Justice WRIGHT, of the supreme court of the District of Columbia, who sat with the Court in the absence of Mr. Chief Justice ALVEY, delivered the opinion of the Court:

The action is here on appeal from a judgment rendered by the supreme court of the District of Columbia. The suit was

against appellant as maker of a promissory note. At the time of its commencement rule 73 of the rules of that court provided:

"In any action arising *ex contractu,* if the plaintiff or his agent shall have filed, at the time of bringing his action, an affidavit setting out distinctly his cause of action, and the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and shall have served the defendant with copies of his declaration and of said affidavit, he shall be entitled to a judgment for the amount so claimed, with interests and costs, unless the defendant shall file, along with his plea, if in bar, an affidavit of defense denying the right of the plaintiff as to the whole or some specified part of his claim, and specifically stating also, in precise and distinct terms, the grounds of his defense, which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part."

Appellee filed along with its declaration an affidavit within the rule, showing a copy of the note, thus:

$840.00.
                    Washington, D. C., December 13, 1902.

Three months after date I promise to pay to the order of W. T. Walker Brick Co. eight hundred and forty dollars at Citizens' National Bank.

Value received with interest at six per cent per annum until paid.

F. H. KNIGHT,
1505 T St., N. W.

The appellant pleaded: "First, he did not promise as alleged;" "second, he is not indebted as alleged;" and filed with his plea an affidavit of defense, and later an amended affidavit.

The supreme court being of opinion that the facts set down in the affidavits disclosed no defense to the note, on motion of the appellee, rendered judgment in its favor for the amount claimed according to the terms of the rule. The question here is of the correctness of this ruling. Stripped of formal parts, the original affidavit recited—

"That to satisfy the demands of his creditors affiant during

the said month of August executed for their benefit a deed of assignment to Jessie L. Heiskell, Thomas L. Landon, and William T. Walker, the last-named assignee being a member of the firm of W. T. Walker & Co., and whose claim against affiant amounted to $800.00. That after the execution of said assignment affiant entered into a written agreement with William T. Walker on behalf of his firm whereby it was agreed that affiant should convey to Walker lot 80 in square 190, subject to a trust of $1,800, in consideration for which the said Walker agreed to cancel and release to affiant the aforesaid indebtedness and pay him $400 in cash. That thereafter the said Walker, wishing to recede from said contract, the following agreement was substituted: In consideration of affiant's releasing the said Walker from his obligation to take said lot and perform the other conditions of the aforesaid contract Walker agreed to accept affiant's note for the amount of the said claim, with accrued interest, which amounted to $840.00, upon the understanding that there should be credited thereupon whatever amount the said Walker might become entitled to out of the estate conveyed by said assignment, on account of his office as assignee. That the commission reserved to said assignee was 7½ per cent upon the amount reserved from the sale of the property conveyed by the assignment and the amount allowed them by the auditor of this court upon a recent bill to administer the trust was $1,238.97. That one third of this amount of $412.99 is the amount of said commission reserved to the said Walker as assignee, and which said amount pursuant to the terms of this said agreement should be credited on account of said note, but which the said Walker has not done. That, the business of the said William T. Walker having in the meantime been incorporated, affiant was requested as a matter of convenience to make said note payable to the order of the said corporation, which was done subject to the understanding hereinbefore recited."

This affidavit showed a demand in favor of appellee for the amount of the note, already accrued when the note was made; and a cross-demand not accrued (but to accrue subsequently), in favor of appellee for the amount of commissions. It showed

that the note was not only delivered as such by the maker, but accepted as such by the payee.

While the oral agreement to give a future credit at best disclosed the existence of a set-off, which (according to the Code of the District) the appellant might have rendered available by pleading it in the action, yet no set-off was pleaded, and therefore evidence of one was not relevant to any issue raised by the pleading which had seemed to appellant best to be adopted; proof of a set-off had nothing to do with either defense set out in his plea, and, being irrelevant to each of those, could not serve as the grounds of any defense then pending before the court in the action.

The second attempt in the matter of affidavits seems to protest the insufficiency of the original, for it evidences a situation supposed to be novel to that first depicted.    It proceeds:

"That to satisfy the demands of his said creditors, affiant on said 17th day of August, 1896, executed for their benefit a deed of assignment to Jesse L. Heiskell, Thomas E. Lander, and William T. Walker, as assignees, the last-named assignee being a member of the aforesaid firm of William T. Walker & Co.; that shortly after the execution of said deed of assignment affiant entered into a written contract with the said William T. Walker, member of the firm of William T. Walker & Co., as aforesaid, acting on behalf of said firm and with its authority, whereby it was agreed that affiant should convey to the said firm lot 80, in square 190, subject to a trust of $1,800, in consideration for which conveyance the said firm was to cancel and release to affiant the aforesaid indebtedness, and also pay him the sum of $400 in cash; that thereafter the said firm wishing to recede from the said contract the following agreement was substituted between them:    In consideration of affiant's releasing the said firm from their obligation to take said lot and perform the other conditions of the aforesaid contract, the said firm, acting through its duly authorized representative, the said William T. Walker, agreed to credit on the indebtedness due the said firm from affiant an amount equal to the amount that should subsequently be allowed to the said William T. Walker as commission as as-

signee in the aforesaid assignment; that the said commission not being ascertainable at that time, it was understood that affiant should execute his note as a memoranda of the amount of his original indebtedness and interest due up to that time, which amounted to $840.00, with the collateral understanding and condition that when the amount due the said William T. Walker should be ascertained it should be credited upon said memoranda, and the said paper should then be considered a promissory note in favor of the said firm for the balance; that the said firm of William T. Walker & Co., before the execution of said note having been incorporated as the W. T. Walker Company, affiant was requested by the said William T. Walker, who was the treasurer and the lawfully authorized agent of the said corporation, to make said note as a matter of convenience to the said corporation, the successor, as aforesaid, of William T. Walker & Co., which was done by affiant subject to the aforesaid understanding and conditions; that the commission reserved to said assignees in the said deed of assignment was 7½ per cent upon the amounts received by them from the sale of the property conveyed by the said deed, and the amount allowed them by the auditor of this court in equity cause No. 23,417, being a suit to administer said trust, was $1,238.97; that one third of this amount, or the sum of $412.99, is the amount of commission reserved to the said Walker as assignee, and that this amount, pursuant to the terms of the said agreement, should be credited on account of the said note, but which the said plaintiff has not done."

The original affidavit described with exactness the making current of a note; the purpose of the second is to make out that no note, as such, was given. The appellee contends that to receive in evidence the matter of the affidavit would be to contradict and vary by parol the written instrument. Appellant urges that the instrument was not intended for a note, but to become such only *in futuro,* and then for an amount less than that expressed. While the point of the affidavit is that appellant by virtue of an understanding had executed *some* kind of a paper which he characterizes "a memorandum of the amount of his original indebt-

edness and interest due," yet a formal instrument carries its character on its face, and its identity is not changed by calling. it names; and upon inquiring of the paper itself, it turns out to be an unconditional written promise to pay $840 and interest. The affidavit proceeds, "with the collateral understanding and condition that when the amount due the said Wm. T. Walker should be ascertained it should be credited upon said memoranda and the said paper should then be considered a promissory note in favor of the said firm for the balance." This phraseology in the main no more than identifies amounts of money, *viz.,* "The amount due William T. Walker turns out to be $412.99; the balance," $387.01; so that according to the sense of the affidavit, a paper which shows itself to be a promissory note had been delivered by a debtor to his creditor "with the collateral understanding that $412.99 should *in futuro* be credited upon it, and the said paper should *then* be considered a promissory note for $387.01."

To the extent that there was an understanding for a future credit, there is nothing more than a set-off; nothing to decharacterize the paper from a note current. To the extent that the paper should *in futuro* become a note for a smaller sum, it is an attempt by parol to metamorphose a note for $840 into a note for $387.01. Whatever appellant may be ready to say about the terms of his promise is but descriptive of that which is before the court in physical form, descriptive of itself; no matter soever what he may claim about promises to pay, and amounts, the senses of the court cannot fail to discover that he has promised to pay $840 "three months after date," and this being written permits the proof of no contrary oral promise as a substitute.

It is contended that oral testimony may be received to show that an instrument, though in writing, never became an obligation. This principle is accurate enough, but applicable only to appropriate cases. The mere writing of promissory notes creates no obligation; it is in the making current of the promise by delivery of the note that the obligation is found. If one writes a note and it be stolen, or if he deliver it, not to go current yet as a promise, or to become effective as a promise only upon a

contingency, he may always prove the fact of the matter against an original party.   This is not to vary the terms of the promise, but to show in point of fact that no promise at all had ever gone current.   But if he deliver the note to go current as a promise to pay money in some amount or other, surely the amount which he is to pay can be inquired only from the note, for it itself is the very promise.

Appellant relies upon *Donaldson* v. *Uhlfelder,* 21 App. D. C. 489; *Cowen* v. *Adams,* 24 C. C. A. 198, 47 U. S. App. 439, 78 Fed. 550; *Burke* v. *Dulaney,* 153 U. S. 228, 38 L. ed. 698, 14 Sup. Ct. Rep. 816; *Denver Brewing Co.* v. *Barels,* 9 Colo. App. 341, 48 Pac. 834.   The cases instance notes not delivered as effective promises to pay money; but at bar the note was delivered as a promise to pay money more or less—one sum according to appellant's affidavits, another sum according to the note.

In *Burnes* v. *Scott,* 117 U. S. 582, 29 L. ed. 991, 6 Sup. Ct. Rep. 865, it was ruled that in a suit by the payee of a promissory note against the maker, evidence was inadmissible to show that the note was not intended to be a promissory note, but was given as a memorandum not to be enforced against the maker.

In *Smith* v. *Thomas,* 29 Mo. 307, it was offered to prove a verbal understanding that a contingency not incorporated into the writing had happened, and that in consequence the debt was only half of what it purported to be by the due bill; but the court was of opinion that the contract could not be controlled by an oral agreement made concurrently, engrafting upon it a stipulation by which the absolute terms should be conditional ones.

And to the like effect is it ruled in *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39; *Perry* v. *Bigelow,* 128 Mass. 129. And in *Walters* v. *Armstrong,* 5 Minn. 448, Gil. 364:   "A parol agreement made at the same time with the execution of a promissory note, that a certain sum should be indorsed upon it as paid of that date, is inadmissible."

The matter of the affidavits constituted no defense against the note, and in the absence of the plea of set-off was otherwise irrelevant to the issue; therefore the judgment was right and is *affirmed, with costs.*