# FOWLER *v.* ZIMMERMAN.

---

APPEAL AND ERROR; PAROL EVIDENCE; PROMISSORY NOTES.

1. A notice of appeal held sufficiently to indicate that the appeal was taken from the judgment, and not from the denial of a motion to vacate it.
2. Parol evidence is inadmissible to show that a promissory note was given in reliance upon the payee's agreement to grant extensions of time until the maker could dispose of the property for which it was

given. (Citing *Slater* v. *Van der Hoogt*, 23 App. D. C. 417, and *Knight* v. *W. T. Walker Brick Co.* 23 App. D. C. 519.)

No. 2631. Submitted February 9, 1914. Decided March 2, 1914.

HEARING upon motion by the appellee to dismiss or affirm. *Judgment affirmed.*

The COURT in the opinion stated the facts as follows:

The case has been submitted on motion to dismiss or affirm.

The action is upon a promissory note for $150 executed December 30, 1910, and due eighteen months after date, with 6 per cent interest per annum. The declaration filed in the municipal court was supported by affidavit, to which no objection has been urged, is amply sufficient.

The affidavit of defense is in the following words:

"Chas. D. Fowler, being duly sworn, does depose and say that he has a good defense to this suit, which is as follows:

"That on or about the 20th day of December, 1910, he purchased of the plaintiff for the sum of $150, the interest of the plaintiff in a certain piece of real estate in Maryland Park, Maryland; that in consideration of his purchasing said real estate which the plaintiff greatly desired to dispose of, the plaintiff agreed to take in payment therefor the note sued upon, and in consideration of affiant paying interest thereon the plaintiff agreed that he would extend the time of payment of said note from time to time until affiant could dispose of said real estate; that affiant has not made final disposition of said real estate, and, in accordance with said agreement, when said note became due affiant paid the interest thereon, and plaintiff extended the time of payment until November 1, 1912, at which time or shortly thereafter affiant offered to pay plaintiff the interest then due, and plaintiff declined to accept same, stating that he did not need the money at that time, affiant requested a further extension of said note, and plaintiff, disregarding his agreement, has failed to extend said time although affiant has not at this time finally disposed of said real estate;

affiant says that he has always been ready and willing to pay the interest due upon said note, and has so advised the plaintiff; affiant therefore says that the plaintiff is not entitled to recover of him on said note in this cause."

Plaintiff's motion for judgment notwithstanding the affidavit of defense was granted and judgment entered in the municipal court for the amount of the note, after crediting the interest payment made by defendant. Appeal was taken to the supreme court of the District, and that court, likewise adjudging the affidavit of defense to be insufficient, entered judgment for the amount due.

Defendant moved to set aside the judgment, and when this was denied entered an appeal from the judgment, on which the case has been brought here.

*Mr. Chauncey Hackett* for the motion.

*Mr. W. J. Neale* and *Mr. James N. England* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The ground of the motion to dismiss is that the appeal noted was from the judgment denying the motion to vacate, and not from the judgment on the note. We are of the opinion that the notice of appeal sufficiently indicated the final judgment on the note, and the motion is denied.

2. The motion to affirm is granted.

"The written agreement, the execution of which the defendants do not deny, purports to embody the entire transaction, and there is no such ambiguity in it as would warrant the introduction of parol evidence in explanation of its recitals, under any established exception to the time-honored rule that excludes such evidence in explanation or contradiction of the terms of a written instrument." *Slater* v. *Van der Hoogt,* 23 App. D. C. 417, 420. See also *Knight* v. *W. T. Walker Brick Co.* 23 App. D. C. 519, 525.

The judgment is affirmed, with costs.          *Affirmed.*