### E. E. RIVET & SONS *vs.* EUGENE DURAND.

DECEMBER 30, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   In this action in assumpsit the plaintiff seeks to recover from the defendant as accommodation indorser on a promissory note dated March 6, 1930, and payable to the order of the plaintiff three months after its date.   On the lower margin of the note, to the left of the maker's signature and in line therewith, is the following: "Due June 7, 1930."   The note including the marginal notation was typed by plaintiff's stenographer and was in its present form when indorsed by the defendant.   It was protested for nonpayment June 9, 1930, and notice of dishonor was sent to the defendant by mail on the same day.   As June 7, 1930, fell on a Saturday, the notice was sufficient to hold the defendant as indorser if June 7th is taken as the due date.

The trial justice in the Superior Court ruled that the note fell due June 7th and directed a verdict for the plaintiff. The case is here on defendant's exceptions to this ruling.

According to the terms of the note it fell due June 6, 1930, and the question to be determined is whether the time of payment as expressed in the body of the note is modified by the marginal notation so as to make it fall due June 7th.

It is a general rule of construction that every clause of a written instrument should be considered and effect be given, if possible, to each. But here are two repugnant provisions and it is impossible to reconcile them. A negotiable instrument is a formal document and certainty as to time of payment is necessary to preserve its chief characteristic, that of negotiability. The parties to such an instrument may modify its terms by agreement and in some instances may do so without destroying its negotiability. *Heyward* v. *Perrin*, 10 Pick. 228. In which case it was held that a note payable on demand was converted into a time note by a notation that one half was payable in twelve months and one half in twenty-four months. And a promissory note may be modified by a reference thereon to a collateral agreement. *Wilson* v. *Tucker*, 10 R. I. 578; Norton on Bills & Notes, 107. In this class of cases there was clear evidence of an intention of the parties to modify the terms as expressed in the body of the note. In the instant case there was no such evidence.

It is apparent that the notation "Due June 7, 1930" was placed there either through an error in computation or through ignorance of the statute which made the note fall due June 6th. There is not the slightest evidence that the parties intended to make the note other than a note payable three months after its date. When a marginal notation, which does not purport to be a collateral agreement but only a restatement of the amount or date of the note, is in conflict with the terms in the main body thereof, it will be disregarded as being not a part of the note. *Smith* v. *Smith*, 1 R. I. 398; *Way* v. *Batchelder*, 129 Mass. 361; *Fisk* v.

*McNeil*, 23 Neb. 726; *Dark* v. *Middlebrook*, 45 S. W. 963; Norton on Bills & Notes, 108.

Accordingly the note in question fell due June 6th and, as protest was not made and notice of dishonor given in due time, defendant's exceptions are sustained.

The plaintiff may appear before this court on January 11, 1933, and show cause, if any he has, why the case should not be remitted to the Superior Court with instructions to enter judgment for the defendant.

*John R. Higgins, Morris Yaraus*, for plaintiff.
*Israel Rabinovitz*, for defendant.