**CHALAIRE v. FRANKLIN.**
No. 7753.

Circuit Court of Appeals, Ninth Circuit.
Jan. 13, 1936.

Rehearing Denied Feb. 24, 1936.

Farnham P. Griffiths, George E. Dane, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., Walter Chalaire, of New York City, and Paul F. Faison, of Shanghai, China, for appellant.

Franklin & Harrington, and Cornell S. Franklin, all of Shanghai, China, and Frank E. Hinckley and W. H. Lawrence, both of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant brought this action to recover of appellee the sum of 47,774.12 Shanghai taels claimed by appellant under a written contract. The action was commenced on February 21, 1934. Thereafter appellant filed an amended complaint, which appellee answered. Both parties then moved for judgment on the pleadings. The trial court granted appellee's motion and rendered judgment dismissing the action. This appeal is from that judgment.

 Appellee moves to affirm the judgment on the ground that "there was failure of essential appellate procedure prior to filing transcript of record," and on the further ground that there was no replication, no request for findings, and no bill of exceptions. The motion does not indicate what the alleged "failure of essential appellate procedure" consisted of. We have not discovered any such failure. Appellee's answer, as hereafter shown, contained no well-pleaded affirmative allegations requiring denial. There was, therefore, no need of a replication. American Trading Co. v. Steele (C.C.A.9) 274 F. 774, 780. Since the case was not tried, but was submitted to the court below on motions for judgment on the pleadings, no findings were necessary, nor was there any necessity for a bill of exceptions. Nalle v. Oyster, 230 U.S. 165, 177, 33 S.Ct. 1043, 57 L.Ed. 1439; Mitsui v. St. Paul Fire & Marine Ins. Co. (C.C.A.9) 202 F. 26, 28; St. Paul, M. & M. Ry. Co. v. Drake (C.C.A.9) 72 F. 945, 947. The motion is denied.

The amended complaint alleges that appellant and appellee were attorneys at law duly admitted and qualified to practice in Shanghai, China, and from May 1, 1924, to January 1, 1928, were engaged in such practice as partners, under an agreement entitling appellant to 60 per cent. and appellee to 40 per cent. of the profits of the partnership business, and that on February 10, 1927, they entered into the following agreement:

"Shanghai, February 10, 1927.
"C. S. Franklin, Esq., Shanghai.
"Dear Cornell:

"This will serve to confirm the arrangement which we made in connection with my impending departure. I will take a vacation, ending on January 1, 1928, during which time I will continue to receive my share of the profits of the partnership and I presume I shall be liable as a partner for any partnership obligations during that period. As you know, I may or I may not return to China; the matter is indefinite. If I return the matter is simple, we go on as we have before; if I do not, you are to pay me Tls. 50,000., to accrue as profits are made on and after January 1, 1928; 6/10th of the profits to be paid to me until the sum of Tls. 50,000. has been paid, at which time the entire business shall be yours. I presume that although my interest in the profits shall continue until the sum above mentioned is paid after January 1, 1928, my liability shall cease at that time. If the foregoing is in accordance with your understanding, please sign the same.

"Faithfully yours,
"Walter Chalaire
"C. S. Franklin."

The amended complaint further alleges that in November, 1927, appellant notified appellee that he would not return to China; that appellant did not thereafter return to China or practice law there; that appellee continued and still continues to practice law in China; that from January 1, 1928, to March 31, 1928, inclusive, appellee made as profits in the practice of law at Shanghai a sum of money six-tenths of which was 2,225.88 taels, which latter sum appellee paid appellant in part performance of said agreement; that from April 1, 1928, to April 30, 1930, inclusive, appellee made as profits in the practice of law at Shanghai a sum of money six-tenths of which is more than 47,774.12 taels, constituting the unpaid balance of said sum of 50,000 taels; and that, though often demanded by appellant, appellee has not paid the said 47,774.12 taels, or any part thereof.

Appellee's answer contains four "defenses," so called, each of which admits all of the above-recited allegations of the amended complaint, but denies and seeks to avoid any liability to appellant. In his first "defense," appellee states that the payments which the agreement called for were

to be made only from the net profits of law practice carried on by him in China after January 1, 1928, under the firm name of Chalaire & Franklin; that the 2,225.88 taels paid by him to appellant constituted six-tenths of the net profits of all law practice carried on by him under the firm name from January 1, 1928, to March 31, 1928; and that on said last-mentioned date he ceased practicing under the firm name of Chalaire & Franklin and abandoned the good will attaching thereto.

■ The statement that payments were to be made only from the net profits of law practice carried on under the firm name is not an allegation of fact, but is merely appellee's construction of the agreement sued on. This construction does not accord with the language of the agreement, but is repugnant thereto. It is, therefore, not admitted by the motion for judgment. United States v. Ames, 99 U.S. 35, 45, 25 L.Ed. 295. Rejecting, as we must, this erroneous construction, we hold that appellee's first so-called "defense" is no defense at all.

■ In his second "defense," appellee states that there was no consideration for his execution of the agreement sued on by appellant. This statement is inconsistent with the admissions contained in the same defense. Appellee admits that he made and executed the agreement sued on. This agreement provided that, if appellant did not return to China, appellee should pay to appellant six-tenths of the profits accruing after January 1, 1928, until the sum of 50,-000 taels should be paid, and that the entire business should then be appellee's. From this it appears that the transfer and relinquishment by appellant to appellee of appellant's interest in the partnership business and the good will thereof was to be the consideration for the payments which appellee obligated himself to make if appellant did not return to China. Appellee admits that appellant did not return to China and that appellee practiced under the firm name after January 1, 1928, and made profits from such practice. He thereby, in effect, admits not only that there was a consideration for his execution of the agreement, but that he actually received that consideration.

■ In his third "defense," appellee states that, if there was any legal consideration for his execution of the agreement, an important part of such consideration was appellant's promise to secure in the United States lucrative legal business and send it to appellee in China; that appellant did not keep this promise; and that, therefore, there was a failure of consideration. This, if true, would constitute only a partial failure of consideration, which is not a defense. Robertson v. Gordon, 226 U.S. 311, 313, 315, 33 S.Ct. 105, 57 L.Ed. 236.

In his fourth defense, appellee pleads "the statute of limitations," without, however, indicating what statute is referred to, or what period of limitation he deems applicable. The sufficiency of such a plea may well be doubted, but we prefer to rest our decision on other grounds. The court below applied the District of Columbia statute (Act of March 3, 1901, c. 854, § 1265, 31 Stat. 1389 [D.C.Code 1929, T. 24, § 341]) and held the action barred by the three-year limitation which that statute prescribes for actions on contracts. This was error. The United States Court for China was created by the Act of June 30, 1906, c. 3934, 34 Stat. 814, 22 U.S.C.A. §§ 191–202. Section 5 of the act (34 Stat. 816, 22 U.S.C.A. § 196) provides that: "The procedure of the said court [the United States Court for China] shall be in accordance, so far as practicable, with the existing procedure prescribed for consular courts in China in accordance with the Revised Statutes of the United States [chapter 2 of this title]: Provided, however, That the judge of the said United States Court for China shall have authority from time to time to modify and supplement said rules of procedure."

A part of "the existing procedure prescribed for consular courts in China" is found in section 83, c. XV, of the regulations for said courts. This section provides: "Civil actions, based on written promise, contract or instrument, must be commenced within six years after the cause of action accrues; others within two." Section 83 has never been modified, supplemented, or changed. It was recognized and applied by this court in Wulfsohn v. Russo-Asiatic Bank, 11 F.(2d) 715, 717. We hold it applicable to the case at bar.

■ This is a civil action based on a written contract. The applicable period of limitation is, therefore, six years. The cause of action accrued after March 31, 1928. The action was commenced on February 21, 1934, and consequently is not barred.

The judgment is reversed, and the case is remanded, with directions to render judgment in favor of appellant.