## Bush's Adm'r et al. v. Bush et al.

Nov. 29, 1938.

127

D. L. PENDLETON and R. R. CRAFT for appellants.

J. SMITH HAYS and BENTON & DAVIS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On December 8, 1902, T. J. Bush and G. F. Bush executed and delivered to their mother, Mahala J. Bush, a promissory note which, omitting the signatures, reads:

"$1000.00

"One day after date we promise to pay Mahala J. Bush one thousand Dollars for loaned money without interest. This December 8, 1902."

Immediately below the signatures of the makers is the following memorandum:

"This note is not to be paid until the death of Mahala J. Bush.

"This Dec. 8th 1902.

"Mahala J. Bush."

On the back of the note is the following endorsement:

"For value received I hereby assign to Fielding Bush Eight Hundred Dollars of the within note. This July 17, 1913.

"Mahala J. Bush."

Fielding Bush referred to in the endorsement on the back of the note, who was also a son of the payee, died intestate in April 1924 and Mahala J. Bush, the payee, died in August, 1936.

C. L. Bush, as administrator of the estate of Mahala J. Bush, and Harry Bush, administrator of the estate of Fielding Bush, instituted this action against the makers of the note, setting up the foregoing facts with reference to the execution and delivery of the note and the endorsement on the back thereof, and alleged that as a part of and simultaneously with the execution thereof, the memorandum was made on the face of the note for the purpose of fixing the date of its maturity and providing that it should not be paid until the death of Mahala J. Bush.

The defendants entered a motion to require plaintiffs to elect which of the two causes of action they would prosecute, the one in favor of C. L. Bush, as administrator of Mahala J. Bush, or the one in favor of Harry Bush, as administrator of Fielding Bush, on the ground that they were improperly joined and that the causes of action, if any, were separate and distinct from each other. They also entered a motion to strike from the petition the words "that simultaneous therewith and as a part thereof a memorandum was entered on the face of the note for the purpose of fixing its matuiity and providing that the note not be paid until the death of Mahala J. Bush" and also the words "on the death of Mahala J. Bush in August 1936 the note became due," and to strike from the exhibit A filed with the petition the memorandum following the signatures of the

makers. The court overruled all of these motions and also overruled a general demurrer to the petition.

The first paragraph of the answer of the defendants consisted of a traverse, and in a second paragraph they alleged that when they signed the note filed with the petition there was no writing on same except above their signatures and that the memorandum now appearing on the note below their signatures had been placed there since it was signed and delivered and without their knowledge or consent. They further alleged that the note was executed on December 9, 1902, and the action was not instituted until August 31, 1936, a period of 34 years and pleaded and relied upon the statute of limitations as a bar to plaintiffs' right of recovery. Plaintiffs moved the court to require defendants to personally verify their answer and without waiving such motion traversed the affirmative allegations of the answer by reply. On January 6, 1937, an order was entered requiring defendants to personally verify their answer. There is nothing in the record to show compliance with this order except an affidavit at the foot of the answer purporting to be made by T. J. Bush but without his signature and this is followed by a jurat certifying that it was subscribed and sworn to by T. J. Bush on January 7, 1937, before the deputy clerk of the court. At the close of the evidence the court upon motion of defendants peremptorily instructed the jury to find for them and entered judgment in conformity with the directed verdict. The plaintiffs' motion and grounds for new trial having been overruled, they are appealing.

At the outset and before coming to the main ground relied on for reversal we may dispose of any contention concerning the failure of appellees to comply with the order requiring them to verify their petition. On the day following the entry of the order there was at least an attempted compliance therewith and apparently plaintiffs treated this as a compliance since there is no further reference to it in orders of the court nor in plaintiffs' motion and grounds for new trial. Appellants either treated what was done in the way of verification as a compliance with the order of the court or they permitted the case to go to trial without insisting upon motion and in the circumstances shown any irregularity in the particular indicated is not available to them on appeal.

Appellants were the only witnesses introduced on the hearing. C. L. Bush testified that he saw the note for the first time when it came into his hands as administrator of Mahala J. Bush soon after her death and he introduced the note in evidence. Harry Bush, the administrator of Fielding Bush, testified that he was a son of the latter and a grandson of the payee in the note; that he was acquainted with the handwriting of Mahala J. Bush and knew her signature; that the signatures purporting to be hers on the note were her handwriting and her signatures.

Counsel for appellants cite and rely on the following authorities: Tiedeman on Commercial Paper, sections 41 and 41a; 1 Greenleaf on Evidence, section 121; 1 Daniel on Negotiable Instruments, section 154; Fletcher v. Blodgett, 16 Vt. 26, 42 Am. Dec. 487; 8 C. J. 193; 4 Am. Ency. of Law, 140; and National Bank of Commerce v. Feeney, 12 S. D. 156, 80 N. W. 186, 187, 46 L. R. A. 732, 76 Am. St. Rep. 594.

It is argued in substance, as is indicated by these authorities, that if a memorandum such as appears on the face of this note is made contemporaneously with the execution of the instrument or before its delivery it becomes a constituent part of the instrument and in determining its character the memorandum must be considered in connection with the entire writing; that in the absence of evidence to the contrary it will be presumed that the memorandum was made at the time the paper was executed or before its delivery; that the time when an endorsement or memorandum is made on a note is a fact to be submitted to the jury. Most if not all of the authorities cited have reference to negotiable instruments and the note in controversy clearly was not intended to be and is not in fact a negotiable instrument. See Wettlaufer v. Baxter, 137 Ky. 362, 125 S. W. 741, 26 L. R. A., N. S., 804. But for the purpose of this case we do not deem the question of negotiability important.

It is universally recognized that any lawful condition may be annexed to a note by agreement of the parties and evidenced by marginal notations or memorandum; or by collateral agreement which may be recognized and enforced as between the original parties.

Counsel for appellees cite a number of domestic cases but they deal with memorandum on the back of

notes showing or purporting to show payments and also cite text authorities relating to alterations of instruments but we find that the text authorities were dealing with alterations made on the face and in the body of the original instruments; hence, those cases and text authorities can only be applicable by possible analogy.

Tranter v. Hibbard, 108 Ky. 265, 56 S. W. 169, 21 Ky. Law Rep. 1710, deals in part with an alteration made in the body of a note and discusses generally the effect of such alteration. In Farmers' Bank of Kentucky v. Ewing, 78 Ky. 264, 39 Am. Rep. 231, the court was considering a note made on a printed form and on the back of which appeared the following printed matter, "The indorsers waive presentment, protest, and notice of dishonor." Although not signed by the maker it was held that in the circumstances the printed condition on the back of the note should be given effect. There is some conflict of opinion concerning marginal notations or memoranda on notes and the presumption arising therefrom; however, the greater weight of authority supports the general rule contended for by counsel for appellants. But we find another rule or an exception to the general rule to be universally applied when, as in this instance, there is a material variance between the memorandum and the body of the note and the latter is repugnant to the former. After discussing rules governing the construction of memoranda on notes and recognizing the general rule to be that in the absence of evidence to the contrary as to the time when the memorandum was made, it will be presumed to have been made contemporaneously with the note and as a part of it, it is said in 10 C. J. S. 481, Bills and Notes section 44:

"Memoranda which are repugnant to the body of the instrument or self-contradictory do not become part of the instrument and do not control as against its provisions, unless it is shown that such notation on the instrument was made to correct a mistake therein. Thus, where a marginal memorandum differs from the body of the instrument as to the date of maturity, the date in the body of the instrument is controlling. * * *"

In Reed v. Watson, Tex. Civ. App., 262 S. W. 178, it was held that a note certain and complete within itself as to the due date may not be contradicted by a mar-

ginal memorandum indicating a different due date. To the same effect, see Fisk v. McNeal, 23 Neb. 726, 37 N. W. 616, 8 Am. St. Rep. 162; E. E. Rivet & Sons v. Durand, 53 R. I. 48, 163 A. 476. No authorities to the contrary have been pointed out and an extensive research has disclosed none.

As will be seen, the body of the note was complete and certain in every detail including the due date, and the memorandum following the signatures is at material variance with and repugnant to the body of the note and therefore the presumption contended for by appellants does not obtain. In the absence of such presumption the burden was upon appellants to show that the memorandum on the note was there when the note was signed or was made pursuant to and in conformity with the agreement of the parties which burden they wholly failed to meet.

Judgment affirmed.