BANKING COMMISSION, Receiver, Respondent, vs. TOWN-
SEND, Appellant.

*May 19—June 16, 1943.*

For the appellant there was a brief by *Lees, Bunge & Fuller* of La Crosse, and oral argument by *Hubert V. Fuller*.

For the respondent there was a brief by *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale*.

ROSENBERRY, C. J.   On October 27, 1928, the defendant, R. C. Townsend, was indebted to the Bower City Bank in the sum of $1,800, for which amount he gave his promissory note.   That note was signed "Townsend Tractor Company, R. C. Townsend," Townsend being a sole trader under the name of Townsend Tractor Company.   The note was not paid and on December 31, 1930, the defendant executed and delivered to the Bower City Bank a note of which the following is a copy:

No. 40643 Name check 124D   Due Date D 19...
R. $1972.07            Janesville, Wis., Dec. 31, 1930.

For value received on demand after date I, we or either of us promise to pay to the order of Bower City Bank at its banking house in Janesville, Wisconsin, nineteen hundred seventy-two 07/100 dollars with interest at the rate of 6 per cent per annum, payable semiannually.   Past due principal and interest to bear interest at the highest rate of interest allowed by law.

All makers, signers, indorsers and guarantors hereof waive presentment for payment, notice of nonpayment, protest and notice of protest and consent to any and all extensions, and renewals hereof without notice thereof and agree to pay any and all costs and expenses (including 10% attorney's fees) paid or incurred in connecting the same from any one or more of the makers, signers, indorsers or guarantors of this note after maturity; and consent to the owner or holder hereof giving up or applying to other purposes collateral security or other means of satisfaction applicable to this debt.

Witness.........hand..and seal..........
                    R. C. TOWNSEND.      (Seal)
Address 121 Clark St.
        ......................  (Seal)

*Payments begin March 1, 1931.*

The defendant having failed to pay the note, this action was begun to enforce payment.

Two questions are involved: First, Was sec. 330.16 of the statutes of limitations, which provides that an action must be commenced on sealed instrument within twenty years, applicable, or should sec. 330.19, which provides that an action upon contract must be begun within six years, be applied?

The defendant contends that because the original note was not under seal, the six-year statute was applicable. This he argues is because the giving of a renewal note does not as between the original parties extinguish the debt. We are unable to see any force to this argument.

So far as the issues in the present case are concerned, the sole question here is, What section of the statute of limitations was applicable?

The complaint did not allege that payments were to begin on March 1, 1931. However, the original note was offered in evidence and received without objection. No evidence was offered to explain how or when or for what reason the memorandum was made on the margin. It appears to be in the same handwriting as the remainder of the note, and in the absence of any evidence to the contrary must be presumed to be a part of it. *National Bank of Commerce v. Feeney* (1899), 12 S. D. 156, 80 N. W. 186; 10 C. J. S. p. 480, sec. 44. In this case the maker of the note was sworn as a witness. No contention was made either in the pleadings or upon the trial that the marginal notation as to when payments were to begin was not made contemporaneously with the instrument and intended to be a part of it.

It is a rule of general application that marginal notations, placed on a bill or a note at the time of the execution thereof with the intention of making them a part of the contract, constitute a part of the contract and must be construed with the body of the instrument to arrive at the true agreement existing between the parties. *Scholbe v. Schuchardt* (1920), 292 Ill. 529, 127 N. E. 169, 13 A. L. R. 247, and note 251.

It must be held that the marginal notation is a part of the instrument as the trial court found. The instrument properly construed operated to extend the time of payment until March 1, 1931.

The contention of the defendant that there was no consideration for the renewal note is without support in the authorities. Sec. 116.30, Stats., of the chapter on Negotiable Instruments, provides:

"*Value, defined.* Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." *First Nat. Bank v. Naylor* (1933), 211 Wis. 225, 247 N. W. 855. See article, Consideration and value in negotiable instruments, John D. Wickhem, 3 Wisconsin Law Review, pp. 321, 331.

The renewal note having been given for a valuable consideration and under seal, the twenty-year statute applies and the action is not barred.

*By the Court.*—Judgment affirmed.