## BAUCOM et al. v. FRIEND.
### No. 474.

Municipal Court of Appeals for the District of Columbia.
March 18, 1947.

W. Cameron Burton, of Washington, D. C. (Harry J. Breithaupt, Jr., of Washington, D. C., on the brief), for appellants.

Wilton H. Wallace, of Washington, D. C. (Henry F. Lerch, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a judgment on the pleadings awarded by the trial court in

favor of the payee against the makers of a promissory note. The note was in the following form:

$1500 December 10, 1945

On Demand after date we promise to pay to The order of Alice Paula Friend

Fifteen Hundred and no/100 Dollars

At Washington, D. C.

Value Received with Interest at 6% per Annum. No........ Due March 1, 1946

Irl D. Baucom, D. C.

Gertrude Whitehead Baucom

Suit on the note was commenced April 16, 1946, by appellee, plaintiff in the trial court. In their answer appellants admitted borrowing the money and delivering the note, but alleged that the parties had agreed when the note was given that it would not be payable until one of the defendants began a contemplated new business. It was alleged also that the business had not been started because the quarters which the business was to occupy were not ready for occupancy due to failure to obtain materials. It was urged, therefore, that the note was not yet due when suit was filed. Appellee thereupon filed a motion for judgment on the pleadings on the grounds that the answer admitted the validity of the note and interposed no valid defense thereto. The motion was granted and this appeal followed.

Appellants' first contention is that the trial court should have overruled the motion for judgment on the pleadings and permitted the case to go to trial in order to admit parol evidence of a collateral oral agreement to explain the patent ambiguity in the note, arising from the conflict between the words "on demand after date" and "due March 1, 1946."

We believe that the note was free from ambiguity, and hence that the trial court ruled correctly on this phase of the case. "Marginal notations" or memoranda placed on a bill or note at the time of the execution thereof with the intention of making them a part of the contract, constitute a part thereof and must be considered along with the provisions in the body of the instrument in arriving at the true intent of the parties. Bowie v. Hume, 13 App.D.C. 286, 310, 311. When in a note references to the time of payment are made both in the body of the note and by "marginal notation," it is well settled that the two will be construed together,[1] unless the terms are so contradictory as to be irreconcilable.[2] Thus, in cases like the present where the note contains a provision that it is payable on demand and also a provision that it is due on a specified date, the rule is that the note becomes due on the definite date indicated.[3] Under that rule of construction, therefore, the note here in suit was due March 1, 1946, and there was no need for evidence to explain any ambiguity.

Appellants urge, second, that in any event the truth of their defense, that the parties had orally agreed that the note would not become due until one of them had started a business, was admitted by the motion for judgment on the pleadings, and hence that it was error to sustain such motion. This position, however, is not well taken. A motion for judgment on the pleadings is akin to a general demurrer, now abolished in the Municipal Court as well as in federal practice, insofar as both admit for procedural purposes, only facts well pleaded and inferences reasonably deducible therefrom.[4] In considering such pleadings, therefore, the trial court must

[1] Bush's Adm'r v. Bush, 276 Ky. 126, 122 S.W.2d 972; Whittier v. First Nat. Bank, 73 Colo. 153, 214 P. 536; Maynor v. Dillin, 241 Ala. 362, 2 So.2d 440; In re Feldman's Estate, 387 Ill. 568, 56 N.E.2d 405, 155 A.L.R. 210; Nylander v. Nylander, 221 Iowa 1358, 268 N.W. 7; Weaver v. Weaver, Tex.Civ.App., 171 S.W.2d 898; Banking Commission v. Townsend, 243 Wis. 329, 10 N.W.2d 110.

[2] E. E. Rivet & Sons v. Durand, 53 R. I. 48, 163 A. 476; Reed v. Watson, Tex. Civ.App., 262 S.W. 178.

[3] Whittier v. First Nat. Bank, supra; Banking Commission v. Townsend, supra.

[4] Beal v. Missouri Pac. R. Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577; Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853; Commercial Bank v. Buckner, 20 How. 108, 15 L.Ed. 862; Freeman v. Smith, 9 Cir., 44 F.2d 703, cert. denied 282 U.S. 904, 51 S.Ct. 333, 75 L.Ed. 796; District of Columbia v. Selden, 63 App.D.C. 40, 68 F.2d 988; Damonte v. Higgins Industries, Inc., D.

necessarily determine whether the facts alleged are well pleaded. Well-pleaded means, among other things, legally capable of being proved[5] and to determine this question it is necessary to pass on the admissibility of evidence relied on to prove such facts.[6]

 While the note involved here is a negotiable instrument, the suit is between the original parties to the instrument, and under such circumstances, it is a general rule that the entire transaction may be explained.[7] This general rule, however, is subject to the same limitations which apply to varying the terms of any written contract by parol evidence, and it is fundamental that parol evidence to contradict the due date of a promissory note is inadmissible. Fowler v. Zimmerman, 42 App. D.C. 70, 20 A.L.R. 471.[8] In that case, which was also between the original parties to a promissory note, plaintiff sued to recover $150 on a note executed on December 30, 1910, and, by its terms, due 18 months thereafter. The affidavit of defense asserted that the note was given in consideration of real estate sold by plaintiff to defendant and that plaintiff had orally agreed, at the execution of the note, to extend the due date thereon, if defendant continued to pay interest after the due date, until such time as defendant was able to resell the real estate. The trial court granted plaintiff's motion for judgment notwithstanding the affidavit of defense. Upholding this action, the Court of Appeals, quoting from Slater v. Van der Hoogt, 23 App.D.C. 417, 420, said: " 'The written agreement, the execution of which the defendants do not deny, purports to embody the entire transaction, and there is no such ambiguity in it as would warrant the in-

troduction of parol evidence in explanation of its recitals, under any established exception to the time-honored rule that excludes such evidence in explanation or contradiction of the terms of a written instrument.' "

No error appearing, the judgment will be Affirmed.

---

C.E.D.La., 2 F.R.D. 486; 41 Am.Jur., "Pleading," § 204; Cyclopedia of Federal Procedure, 2d Ed.1943, § 1583.

[5] Hubbard v. Lowe, D.C.S.D.N.Y., 226 F. 135, 139, appeal dismissed 242 U.S. 654, 37 S.Ct. 12, 61 L.Ed. 547.

[6] United States v. Ames, 99 U.S. 35, 25 L.Ed. 295; Chalaire v. Franklin, 9 Cir., 81 F.2d 105, cert. denied 298 U.S. 678, 56 S.Ct. 942, 80 L.Ed. 1389; Aulick v. Summers, 186 Ky. 810, 217 S.W. 1024; Steele v. Bliss, 170 Mich. 175, 134 N.W. 1013, reversed on other grounds, 135 N. W. 931; In re Parrott's Estate, 45 Nev.

318, 203 P. 258; Stockman & Hamilton v. Whitmore, 140 Iowa 378, 118 N. W. 403; Edwards v. Cheyenne, 19 Wyo. 110, 114 P. 677, rehearing denied 122 P. 900; 49 C.J., Pleading, § 545.

[7] McReynolds v. National Woodworking Co., 58 App.D.C. 197, 26 F.2d 975; Cooper v. Marosy, D.C.Mun.App., 42 A.2d 135.

[8] See also Knight v. W. T. Walker Brick Co., 23 App.D.C. 519, 525; Gabriel v. Glickman, N.J.L., 51 A.2d 106; 3 Williston, Contracts (Rev.Ed.1936) § 644; 9 Wigmore, Evidence, 3d Ed.1940, § 2444.