## Case No. 17,282.

WATSON v. DUNLAP.

[2 Cranch, C. C. 14.] [1]

Circuit Court, District of Columbia. Nov. Term, 1810.

PROMISE OF FEME COVERT—CONSIDERATION—PLEADING AND PROOF.

1. The promise of a feme covert is void, and her subsequent promise when sole, without a new consideration, is also void.

2. A promise in writing without consideration is void; but the burden of want of consideration is on the defendant.

3. The plaintiff cannot give evidence of a consideration different from that alleged in the declaration.

Assumpsit, to pay for money advanced by the plaintiff to the defendant's son by her first husband.

J. D. Simms, for defendant [Eliza Dunlap], prayed the court to instruct the jury that the first assumpsit being made while under coverture was void (1 Strange, 94), and that the subsequent assumpsit while sole, was void for want of consideration.

Mr. Youngs, for plaintiff, contended that the promise being in writing, it was not necessary that there should be a consideration. 3 Call, 114. The court cannot alter the words of a statute, if they are positive; if not ambiguous, there is no room for construction. The statute of frauds only requires the promise to be in writing, not the whole agreement. Violett v. Patton, 5 Cranch [9 U. S.] 142.

THE COURT was of opinion, 1st, that there must be a consideration, although the promise be in writing. Rann v. Hughes, 7 Term R. 350; Wain v. Warlters, 5 East, 11. But the burden of proof is on the defendant to show the nature of the consideration, or that there was none. 2d, that the advance of money to her son while she was covert, did not create such a moral obligation upon the defendant as is a sufficient consideration to support her actual assumpsit in writing.

THE COURT also refused to permit evidence of a consideration different from that assigned in the declaration. Non pros.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 17,283.

WATSON v. HALL.

[2 Cranch, C. C. 154.] [1]

Circuit Court, District of Columbia. Nov. Term, 1818.

DEED TO INSOLVENT TRUSTEE.

The common printed form of the deed from an insolvent debtor to his trustee under the insolvent act is sufficiently certain to convey to the trustee a title to slaves.

Case, for enticing away slaves Harry and Pris. The plaintiff was trustee of Thomas G. Slye's effects under the insolvent act of the District of Columbia.

Mr. Taylor, for defendant, objected that the deed was too general, and contained no description of the property sufficiently certain to a common intent. The words are: "All my property, real, personal, and mixed, and all my rights, claims, and credits, of what kind or nature soever they may be," "to have and to hold the same to him the said J. W., as trustee as aforesaid, according to the true intent and meaning of the law in such case made and provided, and for no other."

THE COURT (CRANCH, Chief Judge, doubting) decided that the deed was sufficiently certain to pass the title of the slaves to the plaintiff.