CARLTON FOSS FREESE *vs.* APOLINARY PAVLOSKI *et al.**

NOVEMBER 17, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Pleading.   Common Counts.*

A provision in a contract for a sliding scale of charges proportioned to the advertising space used in the year when the contract was in force, does not take the case out of the general rule that when a contract has been fully executed and nothing remains to be done but payment of the price agreed on, the plaintiff may declare specially on the contract or rely on the common counts, for at the expiration of the year nothing remained to be done but to compute the amount due in accordance with the rates originally agreed upon and to pay the same.

*(2)   Contracts.   Commissions.   Public Policy.*

Where it appeared that a newspaper was accustomed to allow advertising agents a discount on its established rates, for advertisements, but would not allow such discount to an employee of another newspaper, and plaintiff employed by another newspaper in order to obtain some compensation for his services as an advertising agent arranged with an advertising agency with which he already had had business dealings to place this advertising for him at the rates agreed upon, sharing the discount with the agency, the transaction was not fraudulent or contrary to public policy, and defendant for whom the advertising was inserted in accordance with the original contract made by it with the plaintiff is liable for the amount due under such contract.

ASSUMPSIT.   Heard   on   exceptions   of   defendant   and overruled.

---

*See Freese v. Pavloski, page 516.

Baker, J. In this case the plaintiff seeks to recover a balance of $98.44 with interest thereon claimed to be due him by the defendants for advertisements placed by him for them in the Providence Daily Journal and The Evening Bulletin. The evidence shows that in November, 1911, the plaintiff in addition to other employment was acting as an advertising agent, and that in that month he entered into a contract with the defendants—doing business as the Kissel-Kar Company—by which the latter were to use ten thousand lines of advertising space in one year in the Journal and the Bulletin under the special open space rate as it appeared upon the rate card of those papers. Since because of his employment on another newspaper he could obtain no commission from the Journal and the Bulletin, if he personally placed it with them, he procured this advertising to be placed in the two named papers by an advertising agency in Boston, which shared with him the commission allowed it by the Journal Company. According to the rate card the greater number of lines used the lower the charge per line would be. For example, if 10,000 lines were used the charge would be $8\frac{5}{8}$ cents a line for the two newspapers. If only 4,000 lines were used the charge would be $10\frac{7}{8}$ cents a line. Advertising matter for the defendants was inserted from time to time during the year, and paid for at the lower rate. At the end of the year, however, the defendants had only used 4,375 lines of advertising space, and accordingly the Providence Journal Company then sent to the Boston advertising agency its bill for $98.44 as the balance due it for the advertisements of the defendants according to the terms of its rate card. This amount was paid to the Journal Company and this action was brought to recover it from the defendants. The action was commenced in the district court of the sixth judicial district and the declaration contains a count on book account and the common counts. After a trial and a decision for the plaintiff for the full amount of his claim in that court, defendants claimed a jury trial.

33

(1)    At the trial in the Superior Court they objected to any
testimony bearing upon any alleged special contract for
such advertising because such contract had not been specially
declared on and upon the objection being overruled excepted
thereto.

It is well settled that, "When a contract has been fully
executed, and nothing remains to be done but payment of
the price agreed on, the plaintiff may declare specially on the
contract, or he may rely on the common counts in *indebitatus
assumpsit.*" *McDermott* v. *Wilhelmina, etc., Aid Society,*
24 R. I. 527, 537; Chitty on Pleading, Vol. 1, 295, 349; 2 Ency.
of Pl. and Pr. 1009.   While admitting the existence of this
general rule, the defendants urge that it does not apply in
cases where the express contract provides for additional or
different obligations from what the law would imply, citing
cases to that effect.   They claim that the provision in the
contract for a sliding scale of charges proportioned to the
advertising space used in the year when the contract was in
force take this case out of the general rule.   We do not
think so.   When the year was over nothing remained to be
done but to compute the amount due in accordance with the
rates originally agreed upon, as governed by the amount of
space used, and to pay the same.   In other words, the
evidence shows an executed contract with nothing remaining
to be done but payment of the price agreed on.   This
exception is overruled.

After the plaintiff's testimony was all in, the defendants
without offering any testimony moved for the direction of a
verdict in their favor, which motion was denied to which
ruling they excepted.   Whereupon the plaintiff moved for
the direction in his favor, which motion was granted and to
this ruling the defendants also excepted.   They appear to
rely chiefly upon a claim that the agreement entered into
by and between the plaintiff and defendants was for the
purpose of perpetrating a fraud upon the Providence
Journal Company, and that therefore the court should not
aid in enforcing it.   The evidence discloses that the Provi-

(2) dence Journal Company was accustomed to allow to advertising agents and agencies a stated discount or commission on their established rates for advertisements brought to it by such agents and agencies. It is, however, stated to be a rule with newspapers that they will not pay any commission to an employee of another newspaper. In order to obtain some compensation for his services the plaintiff arranged with a Boston advertising agency with which he already had had business dealings to place this advertising in the Providence newspapers mentioned at the rates agreed upon, there being an arrangement with the Boston agency to share the commission with him. In other words, the Journal Company charged for this particular advertising its regular rates, has been paid therefor, and has allowed its customary discount or commission to the agency. It is obvious that so long as he procured the advertising as agreed the plaintiff was not required to personally arrange the matter with the Journal Company. He was at liberty to procure this to be done by another. The arrangement made by him with the Boston agency was not an illegal one. As all the parties were clearly acting within their rights the transactions are not contrary to public policy or fraudulent as to any one. There is no suggestion that the Providence Journal Company regards itself as defrauded by the payment of the commission referred to. So far as the defendants are concerned, we find nothing in the transactions described which can justify them in not paying a balance due for advertising performed in accordance with the original contract therefor made by them with the plaintiff.

The cases cited by the defendants as to the nonenforcibility of contracts fraudulent as to third parties are not of assistance in the present case.

We think the evidence amply justifies the direction of a verdict for the plaintiff. All the defendants' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment upon the verdict.

*Thomas A. Jenckes,* for plaintiff.
*William J. Brown,* for defendant.