# BOWDLER v. BILLINGS-CHAPIN COMPANY.

SALES; RECOUPMENT; DAMAGES; EVIDENCE; ACCOUNT STATED.

1. In an action for the purchase price of goods, the buyer in recouping for damages sustained is not confined to showing the difference between the price agreed to be paid and the actual value of the goods as furnished, but may show any damages sustained by reason of false representations, breach of warranty, and defective quality of the goods.

2. The fact that a buyer of goods turned them over to another person for resale after receipt does not deprive the buyer, in an action for the purchase price, of the right to recoup for damages sustained because of the defective quality of the goods.

3. Where a buyer of paint for resale seeks, in an action for the purchase price, to recoup for damages sustained by the refusal of a customer to use the paint on a number of houses, and the loss of other trade and custom; and the customer testifies that, by reason of the defective quality of the paint, he changed specifications which originally called for the use of the paint in question on such houses so as to provide for the substitution of other paint,—the trial court properly refuses to permit the witness to testify that he had other houses to build in which he would have used the paint in question but for its defective quality, the damages thus sought to be shown being too remote.

4. Prayers for instruction based upon the theory that the action is based solely upon an account stated are properly refused when such is not the fact.

5. Whether there was an agreement between the parties constituting an account stated is a question for the jury, where the evidence concerning such agreement is conflicting; and a charge is not erroneous which tells the jury that if the evidence shows an account stated the plaintiff can only recover, if at all, the full amount thereof, while if such an account has not been shown by the plaintiff by a fair preponderance of the evidence, the jury must take up the account itself and ascertain what, if anything, the plaintiff ought to recover, giving consideration to a claim of recoupment made by the defendant.

No. 3046.   Submitted November 7, 1917.   Decided December 3, 1917.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for breach of a contract of sale.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was brought by the Billings-Chapin Company to recover a balance of account claimed to be due for paints and painters' supplies sold and delivered to defendants, Robert Bowdler, Adolph Bowdler, and Louis L. Bowdler, a partnership, doing business in the name of Robert Bowdler & Sons. A statement of account is filed with the declaration, showing the account to have been with Bowdler & Sons.

Defendants, together with their pleas of nil debit and non assumpsit, filed a notice of recoupment, in which it was alleged that defendants were only guarantors for a partnership known as the Washington Hardware & Paint Company, consisting of Louis L. Bowdler and one Hopper, who is not a party to this action; that plaintiff well knew the materials were purchased for resale by the Washington Hardware & Paint Company; that certain of the goods purchased by plaintiff were totally defective and other goods were of inferior quality, and that, by reason of the defective and imperfect material furnished by plaintiff, the Washington Hardware & Paint Company suffered damage, generally and specially, by the refusal of one Nicholls to use the paint on twenty houses about to be constructed by him and by the loss of other trade and custom, amounting to more than $1,500. The notice further stated that, Bowdler & Sons being merely guarantors, their obligation is no greater than that of the Washington Hardware & Paint Company, and they are therefore in position to avail themselves of any defense to which the principal might be entitled.

*Mr. Mason N. Richardson* and *Mr. Chas. H. Merillat,* for the appellants, in their brief cited:

*Accumulator Co.* v. *Dubuque R. Co.* 27 U. S. App. 364; *Ar-*

*mour* v. *Gundersheimer,* — App. D. C. —; Benjamin, Sales,
§§ 645, 661; *Benolken* v. *Guthrie,* 111 Wis. 554; *Brown* v.
*Edgington,* 2 M. & G. 279; *Bryant* v. *Crosby,* 40 Me. 9; *Dow-
agic Co.* v. *Gibson,* 73 Iowa, 525; *Elerick* v. *Reid,* 54 Kan. 579;
*Endsley* v. *Johns,* 120 Ill. 469; *English* v. *Spokane Co.* 15
U. S. App. 218; *Flynn* v. *Hatton,* 43 How. Pr. 333; *Gottfried
Brewing Co.* v. *Scarkowski,* 79 Ill. App. 583; *Henshaw* v. *Rob-
bins,* 9 Met. 83; *Johnson* v. *Sproull,* 50 Mo. App. 121; *Kellogg
Bridge Co.* v. *Hamilton,* 110 U. S. 108; *Landsberger* v. *Mag-
netic Tel. Co.* 52 Barb. 530; *La Porte Improv. Co.* v. *Brock,* 99
Iowa, 489; *McClung* v. *Kelley,* 21 Iowa, 508; *McLennan* v.
*Ohmen,* 75 Cal. 558; *Merrillat* v. *Plummer,* 111 Iowa, 643;
*Omaha & Co.* v. *Fay,* 37 Neb. 68; *Rice* v. *Galbreath,* 119 Ala.
424; *Smith* v. *Hightower,* 76 Ga. 629; *Stanton* v. *Jerome,* 54
N. Y. 480; *Strand* v. *Griffith,* 97 Fed. 854; *Swain* v. *Schref-
felin,* 134 App. Div. 471, 12 N. Y. Supp. 155.

*Mr. H. Winship Wheatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is urged by counsel for plaintiff that defendants have mis-
taken their remedy, and set up false representations, breach of
warranty, and the defective quality of the goods sold to them,
by way of the common-law notice of recoupment, when it should
have been by the statutory plea of set-off. Undoubtedly, the
English rule confined the defendant in recoupment to reducing
the amount of plaintiff's demand by the difference in value be-
tween the price for which the goods were purchased and what
they were shown to be really worth by reason of their defective
quality. The remedy was confined to an abatement of the price
on that account. *Mondel* v. *Steel,* 8 Mees & W. 858, 151 Eng.
Reprint, 1288, 1 Dowl. N. S. 1, 10 L. J. Exch. N. S. 426. In
this country, however, the rule is different. A much broader
scope is accorded this defense. In *Dushane* v. *Benedict,* 120
U. S. 630, 637, 30 L. ed. 810, 811, 7 Sup. Ct. Rep. 696, the
rule is stated as follows: "In an action for the price of goods
sold, or of work done, the defendant may set up a breach of

warranty or a false representation as to the goods, or a defective performance of the work, by way of recoupment of the sum that plaintiff may recover. In England, this is only allowed so far as it affects the value of the goods sold, or of the work done. *Davis* v. *Hedges,* L. R. 6 Q. B. 687, 40 L. J. Q. B. N. S. 276, 25 L. T. N. S. 155, 20 Week. Rep. 60, and cases there cited. But in this country the courts, in order to avoid circuity of action, have gone further, and have allowed the defendant to recoup damages suffered by him from any fraud, breach of warranty, or negligence, of the plaintiff, growing out of and relating to the transaction in question." We are, therefore, of opinion that, inasmuch as the defense was in the nature of a counterclaim for damages sustained by reason of the failure of plaintiff to carry out its contract, the issue could be presented by recoupment.

Objection is made that the suit is against Bowdler & Sons, while recoupment is sought for damages alleged to have been sustained by the Washington Hardware & Paint Company. We are not impressed with this contention, since it clearly appears that the contract for the handling of plaintiff's paint was made with defendant company. The goods were shipped to defendants, and accounts rendered therefor. That defendant company turned the goods over to the hardware company to handle in no way affects the contract relation involved in this suit, and defendants are entitled to set up a counterclaim for damages sustained by reason of the defective quality of the goods.

Error is assigned upon the refusal of the court to admit evidence to establish the loss of anticipated profits. The witness Nicholls was permitted to testify to the failure of the paint to give satisfaction on one house on which it was used. He was also permitted to testify that, by reason of such failure, he changed the specifications as to upwards of twenty houses in which he had specified that the Billings—Chapin paint should be used, and provided for the substitution of other paint. Defendants were allowed to show the value of the paint that would have been used in these houses and their profit in the same. At this point counsel asked witness, "Did you have other business besides those twenty houses?" The court thereupon said, "You

are going to ask him what he might perhaps have put on other jobs." Counsel replied: "The suggestion is this, that in respect to these twenty houses he already had the specifications, but we want to show further that he had other houses to build in respect to which he would have engaged these particular goods of the defendants here but for this fact." The court said: "You may leave that out for the present. That raises the other question. For the present we will note an exception." The offer was not renewed, and will be deemed to have been waived. But the ruling was correct. Any damage shown from loss of profits on houses in which the use of plaintiff's paint was not specified was too remote. It amounted to a mere guess or speculation as to a future transaction, which might or might not occur.

There was a great conflict in the evidence as to the quality of the goods. The jury reduced plaintiff's claim in the verdict by about $155. This was approximately the amount of the damages shown to have been sustained by defendants in what were known as the Andrews and the Mitchell claims. In the Nicholls claim it appeared that, had the paint been used on the twenty houses, the value of the paint so used would have amounted to about $1,500, on which defendants, or their agent, the Hardware & Paint company, would have had a profit of 40 per cent. The whole complex matter, as disclosed by the evidence, was one of fact for the jury to unravel, and the verdict can be sustained upon the theory that the jury may have believed that the preponderance of the evidence showed that the goods were not defective in quality.

A number of assignments of error are based upon the refusal of the court to grant certain prayers offered by counsel for defendants. A number of the prayers were drawn upon the theory that plaintiff could only recover upon an account stated. The suit was not based alone upon an account stated, and whether or not there was such an agreement between the parties in respect of the balance due as to constitute an account stated was an issue of fact for the jury. The remaining prayers included the question of damages for anticipated profits, and were properly refused. The law of the case was carefully stated in

the charge of the court. After charging the jury that, if an account stated should be found to be established by the evidence, plaintiff could only recover, if at all, the full amount thereof, the court, on the question of the right of defendants to recoup for damages sustained, said: "But if the plaintiff has not made that (an account stated) out by a fair preponderance of the evidence, then you must take up the account itself and see what, if anything, the plaintiff ought to recover upon this account, and if you come to this second part of the case then you are to consider the claim of recoupment. It is not a claim of set-off, but simply a claim of recoupment. The defendants' position is that they are liable only as guarantors, that the goods were furnished to another concern, but upon the credit of the defendants here, and that of course the defendants are bound to pay or see paid only what the Washington Hardware & Paint Company would have been bound to pay. So that they have introduced evidence tending to show that the goods were not of the quality recommended, and evidence has been introduced on the part of the plaintiff to meet and overcome that claim. The defendants would have a right to reduce the amount of the account by such a sum as would make the account just as between the parties if the goods were not as represented. You would have to ascertain in that case, first, how much less were the goods worth; how much less than they would have been worth if they had been as represented. That of course includes the profit at which they could have been sold." The court then submitted to the jury the question of determining how much, if any, the defendants were entitled to recoup by way of damages for the defective quality of the goods. No exception was taken to the charge. It is, on the whole, a clear and concise statement of the law of the case, fully and fairly submitting to the jury the issues of fact presented by the testimony.

We find no error, and the judgment is affirmed, with costs.

*Affirmed.*