## McREYNOLDS v. NATIONAL WOODWORK- ING CO., Inc.

Court of Appeals of District of Columbia.
Submitted March 8, 1928. Decided
May 7, 1928.

No. 4582.

**1. Contracts ⚖➔205—Guaranty to lay linoleum on concrete floor in satisfactory workman-like manner, after recommending such covering, constituted guaranty to lay it under existing conditions.**

Where person making estimate for remodeling automobile showroom recommended laying of linoleum on concrete floor, he was, in absence of fraud or concealment, charged with notice of conditions present, and guaranty to lay linoleum in a satisfactory workmanlike manner constituted guaranty to lay it under conditions then existing.

**2. Contracts ⚖➔83—Failure to complete contract in accordance with guaranty constitutes failure of consideration for note conditioned on guaranty.**

A failure to complete contract to lay linoleum in a satisfactory workmanlike manner under existing conditions constitutes a failure of consideration for note executed on condition of continuance of such original guaranty.

**3. Evidence ⚖➔508—Expert testimony to establish fact that linoleum could not be laid successfully under circumstances in accordance with guaranty held erroneously excluded.**

In action to recover on note executed in consideration of completion of contract to lay linoleum in satisfactory workmanlike manner, refusal to admit expert testimony to establish fact that linoleum could not be successfully laid on concrete floor resting on ground and without ventilation *held* erroneous, since, if it appeared as a fact that such a condition was present and plaintiff could have discovered it, plaintiff would be charged with notice of its existence.

**4. Bills and notes ⚖➔451(1)—Promissory note at suit of original payee is subject to defenses available against enforcement of written contracts (Code, § 1332).**

No particular sanctity attaches to a promissory note, and it is subject at suit of original payee to any of defenses available against enforcement of written contracts in accordance with provisions of Code, § 1332.

Appeal from the Supreme Court of the District of Columbia.

Suit by the National Woodworking Company, Incorporated, against William E. McReynolds. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

W. J. Lambert, R. H. Yeatman, A. M. Schwartz, and W. N. Tobriner, all of Washington, D. C., for appellant.

D. T. Wright and Philip Ershler, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellee, National Woodworking Company, brought suit against appellant in the Supreme Court of the District of Columbia to recover on a note for the sum of $1,500, with interest, alleging that the note was overdue and unpaid.

Defendant filed three pleas, substantially as follows:

(1) That he was not indebted in manner and form alleged.

(2) That plaintiff contracted with defendant to remodel his automobile showroom for a consideration of $4,200, which included the laying of linoleum on the concrete floor; that plaintiff had recommended to defendant the use of linoleum, and agreed to lay it in a first-class workmanlike manner; that defendant paid plaintiff various sums on account of the contract until it was reduced to $1,500, represented by the note sued upon; that plaintiff failed to perform his contract in respect of laying the linoleum as agreed, in that the linoleum, after being laid, broke away from the concrete; that plaintiff then agreed that defendant should withhold the sum of $1,500, the cost of laying the linoleum, and defendant should deliver to plaintiff his promissory note in that amount, payable one month after date, in consideration of which defendant agreed to immediately proceed to lay said linoleum as agreed upon, to the full satisfaction of the defendant; that the note was given by defendant on the assurance of plaintiff that the linoleum would be laid "in a first-class workmanlike manner, and in such a way as to fully satisfy" defendant; and that defendant failed to carry out his agreement in this respect.

(3) A set-off in the sum of $2,000 as damages for failure to lay the floor in the manner called for by the original contract.

To the plea of set-off plaintiff pleaded a general denial.

It appears from the record that plaintiff company entered into a contract with defendant to remodel defendant's automobile showroom for the sum of $4,200, which, among other things, included the laying of linoleum over a concrete floor; that when the work was completed the linoleum would not adhere to the floor, but crumpled up, overlapped, and was unsightly, and of no use to the defendant; that plaintiff company made repeated efforts to put the floor in condition, meeting with failure in each

instance; that it was during these proceedings, and while plaintiff was attempting to complete the work, that a settlement was had, resulting in the giving of the $1,500 note, upon the alleged condition that it should only be paid in the event that the work was completed in a satisfactory workmanlike manner.

It appears from the testimony of the defendant that, when the plans for the improvements were completed, plaintiff company requested that it be given an opportunity to submit a bid upon the work. This was granted. When Mr. Beetham, president of the company, was inspecting the premises, preliminary to submitting an estimate for the work, he suggested that the concrete floor in the building could be covered with linoleum, assuring defendant "that they could lay linoleum over the witness' floor; that they have laid it in different places and that it has always been satisfactory; that witness said that he was a little leery of linoleum, and Mr. Beetham replied that he need not be leery of it, because the plaintiff would stand behind it, and that is why the witness accepted the estimate." This testimony of the defendant was not denied by Mr. Beetham, though he appeared as a witness in the case. We think the case centers around this recommendation and guaranty, made by Mr. Beetham as president of plaintiff company.

It is now contended on the part of the plaintiff that the reason for the failure to satisfactorily lay the linoleum was due to the collection under it of moisture from the concrete, disintegrating and loosening the cement used to hold the linoleum in place; that the collection of the moisture was due to the fact that the cement was laid upon the ground, with no ventilation under it, and to the collection of moisture through seepage from the alley adjacent to the building; and that the guaranty of the plaintiff company did not contemplate or take into consideration these unforeseen conditions.

Objection was interposed, and sustained, to defendant's offer to prove by an expert witness that dampness would collect on a concrete floor covered with linoleum, when the floor is laid upon the ground with no air space under it. The court, sustaining the objection to this evidence, said: "In my view of the case, I do not believe that these contractors were obliged to know anything about the configuration of the ground over there in that neighborhood. It is not a part of their job. 'There is a floor. Lay linoleum on it.' That is all they are concerned with, unless, as I say, something sticks right out and hits them in the face, that they ought to pay attention to."

It is urged by counsel for plaintiff, and was so held by the court below, that the defense of failure of consideration of the note is not available under defendant's second plea. The court submitted the case to the jury upon the sole ground of whether or not the linoleum was laid in a first-class workmanlike manner, instructing the jury that, if they so found, then they could not allow any set-off, "and must return a verdict for the full $1,500, the amount of the note, with interest at 6 per cent. from April 8, 1925. The plaintiff was not responsible for the floor on which the linoleum was laid; and if you find that the linoleum was laid in a first-class workmanlike manner, and became unsatisfactory because moisture came through the floor, then you cannot allow a set-off."

The court summarized its charge in the following language: "The plaintiffs are entitled to recover on this note. So, when you come to consider the matter, you have got to start out with the proposition that, so far as the note itself is concerned, the plaintiff is entitled to $1,500, with interest. Then you come to the question of whether or not this linoleum was laid in a first-class workmanlike manner, and whether the only reason why it buckled, and did these other things, was due to this water. If it was due to the water, then that is something the plaintiffs are not responsible for."

[1, 2] We are of opinion that the whole theory upon which the case was submitted to the jury is erroneous, both on the law and the evidence. When Beetham, the president of the company, as a basis of plaintiff's estimate on the work, recommended to defendant the laying of the linoleum on the concrete floor, and defendant expressed a doubt as to whether this could be successfully done, plaintiff, in the absence of fraud or concealment by defendant, was charged with notice of the conditions present—whether the floor was laid on the ground or was ventilated under, and whether the topographical conditions outside were such as to probably produce moisture when the linoleum was laid. These were conditions of which plaintiff company was charged with notice on taking the contract; and its conceded, guaranty to lay the linoleum in a satisfactory workmanlike manner was a guaranty to so lay it under the conditions there existing; and the failure to complete the contract as so made, if the original guaranty be found to have been continued as a condition of giving the note,

constitutes a failure of consideration for the note.

[3] In this view of the case, it was error to refuse to admit expert testimony to establish the fact that linoleum cannot be laid successfully upon a concrete floor that rests on the ground, and without ventilation under it. If it should appear as a fact that such a condition was present in this case, and plaintiff's agent by proper inspection could have discovered it, plaintiff would be charged with notice of its existence. It was upon the recommendation of Mr. Beetham, president of plaintiff company, that defendant was induced to use linoleum. He had the right to assume that plaintiff's president and contracting agent possessed full knowledge of the business in which plaintiff was engaged, and which held itself out to the public as a concern capable of performing work of the character defendant desired done in a satisfactory, skillful, and workmanlike manner.

[4] No particular sanctity attaches to a promissory note. It is subject, at the suit of the original payee, to any of the defenses available against the enforcement of written contracts. Section 1332 of the District Code provides: "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Tyler v. Mutual District Messenger Co., 17 App. D. C. 85, was an action on quantum meruit for work performed, in which the defendant interposed the plea of not indebted as alleged, and also pleaded a special contract and the failure of plaintiff to perform the contract as agreed, resulting in damage to defendant. The court, considering the evidence admissible under this plea, said: "As will be observed, the terms of the contract are not set forth, nor is it made apparent by the plea whether the alleged breach of the contract is set up by way of set-off, or by way of recoupment or deduction. The plaintiff, however, joined issue upon all three of the pleas; and under the issue thus formed upon the third plea, or even under the general issue plea of not indebted as alleged, it was competent to the defendant to show by proof that the work and labor and services declared for by the plaintiff were done and supplied under a special contract, and that such work and services were so negligently and unskillfully done and performed as to be of little or no value to the defendant, or that the contract had been violated by the plaintiff to the injury of the defendant, and therefore the latter was entitled to a deduction of the damages thus occasioned by the breach by the plaintiff. This is now the settled principle, both in the English and American courts."

In Durant v. Murdock, 3 App. D. C. 114, defendant pleaded both failure of consideration and set-off to a declaration on a promissory note, and, while the plea of set-off was held barred by the statute of limitations, the court in its opinion said: "The failure of consideration, and the set-off pleaded by the appellant in defense of the suit, are entitled to more consideration from us. Failure of consideration is, of course, a good defense as against the payee in a promissory note; and a proper set-off is always, under existing law, properly pleadable in bar of a plaintiff's demand."

In Withers v. Greene, 9 How. 220, 230, 13 L. Ed. 109, the court, reviewing a judgment on demurrer to a plea of failure of consideration said: "Where there has been a failure of consideration, total or partial, or a breach of warranty, fraudulent or otherwise, all or any of these facts may be relied on in defense by a party, when sued upon such contracts, and that he shall not be driven to assert them, either for protection, or as a ground for compensation in a cross-action. * * * In the case of Sill v. Rood, 15 Johns. [N. Y.], 230, which was an action on a promissory note given for the price of a chattel, the defendant was allowed, under the general issue, to show deceit in the sale. And it was holden, further, that a promissory note given for the price of a chattel represented to be valuable, when in truth it was of no value, is without consideration and void."

No objection was made by counsel for plaintiff by way of demurrer to the second plea, nor to the introduction of proof by defendant in support of the failure of consideration for the note. We think the plea is sufficient to raise this issue, and the case should have been submitted to the jury upon that theory. Nor are we concerned with the suggestion that the contract, upon which the alleged consideration for the note is based, is not binding on the company. It was made by an officer of the company, and we consider it immaterial whether it was made with or without direct authority from the company itself. The company was engaged in the contracting business. It held itself out as prepared to do this sort of business. It transacted its business through its officers, and defendant had the right to assume that the

officer, the secretary of the company, with whom he dealt when the note was given, was authorized to act in the premises. Such authority will be presumed.

The whole issue here is one of fact for the jury, under proper submission by the court, as to whether or not on the issue raised by defendant's second plea, or indeed by the plea of not indebted, there was a lack of consideration for the note, and, if so, whether or not there was a total or partial lack of consideration. If, on retrial, the second plea should be regarded as insufficient to sustain the proof interposed in support of defendant's case, it may be amended.

The judgment is reversed, with costs, and the case is remanded for a new trial.