THE MORRIS PLAN COMPANY OF RHODE ISLAND *vs.* ANGELO DI STEFANO *et al.*

MARCH 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This action in assumpsit on a promissory note was tried by a justice of the Superior Court sitting without a jury and decision was rendered for the plaintiff for $592.60. The case is here on exceptions of the defendant Ianiari to the decision and on his exceptions to rulings made in the course of the trial.

The principal issue of fact at the trial of the case was whether or not the defendant Ianiari executed said note which is for the sum of $800 and purports to have been executed by the defendant Di Stefano and one Pasquale Bova, by affixing their respective signatures, and by defendant Ianiari by his mark.

It appears that Di Stefano was the principal obligor on the note and that Bova and Ianiari were accommodation co-makers. The note was given in renewal of a previous note of Di Stefano which the plaintiff held. Ianiari denied that he placed his mark upon the note. He admits that he went to plaintiff's office for the express purpose of executing the note as a co-maker but contends that the plaintiff refused to accept him as a co-maker. Although he can neither read nor write he contends that he never executed a document by mark but always signed his name. It is apparent that he can, with difficulty, by taking considerable time, write his name and has done so in executing notes to the plaintiff.

Although the testimony is not as satisfactory as might be desired, we find nothing to take the case out of the general rule that a finding of fact by a justice upon conflicting testimony will not be disturbed, unless it clearly appears that the decision was either erroneous, based upon a misconception of law or the evidence, or fails to do justice between the parties.

When the plaintiff rested its case said defendant moved for a nonsuit on the ground that it appeared that at the time of the commencement of the suit the term for which the note was given had not expired.

The pertinent clauses of said note are as follows:

"52 weeks after date, for value received we, the undersigned, jointly and severally, promise to pay to the order of The Morris Plan Company of Rhode Island at its office the sum of Eight Hundred Dollars ($800.00) in gold coin of the United States, having deposited herewith as collateral security Installment (Class C) Investment Certificate of said company No. 266.

"And the makers further promise . . . that should default be made in the payment of any instalment due to the said company on the certifitate herewith hypothecated . . . then this obligation, at the option of the company, shall become due and payable; whether due according to its face or not."

To provide for the payment of the note when due, the plaintiff sold to defendant Di Stefano an "Installment Investment Certificate" the material provisions of which are as follows:

"The registered owner hereof agrees to pay one dollar ($1.00) per week on        of each week for fifty weeks at the office of the Company, during office hours, on each fifty dollars ($50.00) for which this certificate is issued, until the full sum for which this certificate is issued has been paid hereon."

This certificate was signed only by defendant Di Stefano.

When the motion for nonsuit was made the plaintiff was permitted to reopen its case and, over objection of said defendant, explain the entire transaction and introduce said certificate in evidence.

The suit being between the original parties to the note, it is elementary that the entire transaction may be explained. The note makes reference to said certificate. We are not dealing with any question of negotiability. The note provides for acceleration of payment provided "default be made in the payment of any instalment due to said company on the certificate herewith hypothecated." Of this provision said defendant must be deemed to have had notice. The provisions of the instalment certificate were a part of the consideration for the note. See *Kempmann* v. *McCormick*, 99 S. W. 1,147; *Burque* v. *Brodeur*, 158 Atl. 127; *Richardson* v. *Hoskins Co.*, 111 Va. 755.

The defendant contends that said certificate, not being signed by him and no notice given of intention to introduce the same, was inadmissible by reason of Rule 19 of the Superior Court. We think there was no abuse of discretion in admitting the certificate. See *Cooper* v. *Ceco Mfg. Co.*, 51 R. I. 487.

It is further contended that the declaration should have contained a special count setting out the entire transaction.

The plaintiff not only declared on the note but filed the common counts. We have repeatedly held that when a contract has been fully executed and nothing remains but to make payment as agreed, the plaintiff may declare specially on contract or may rely on the common counts in *indebitatus assumpsit*. *Downing* v. *Grady*, 52 R. I. 83; *McDermott* v. *St. Wilhelminia Ben. Aid Soc.*, 24 R. I. 527, 54 Atl. 58; *Freese* v. *Pavloski*, 39 R. I. 512, 99 Atl. 13.

It is suggested that the acceleration of payments is only at the option of the plaintiff and that there was no evidence that the plaintiff exercised this option. We think that the bringing of suit on the note before the "due date" for the entire balance due was strong evidence of intention to exercise an option to do so. And we think that acceptance by the plaintiff of certain payments at a considerable time after they were due constituted no waiver of the right to exercise this option.

All defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*David B. Lovell, Jr., Curran, Hart, Gainer & Carr,* for plaintiff.

*George Hurley, Walter V. Moriarty, Walter V. Connly,* for defendant Michele Ianiari.