### SHERIGER v. GRUNER.
### No. 87.

Municipal Court of Appeals for the District of Columbia.

July 21, 1943.

---

Raymond M. Hudson, of Washington, D. C. (Lowell H. Ewing, of Washington, D. C., on the brief), for appellant.

John J. Hamilton, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Defendant appeals from a judgment entered against him in a suit on a note which was in the following words: "This will acknowledge my obligation to W. O. Gruner in the amount of $150.00 which covers my part of repairs and August rent on house at Picadilly and Devon Rd., Great Neck, N. Y. Payable 60 days after date." He defended on two grounds: (1) Mistake, and (2) want of consideration.

A detailed recital of the evidence would serve no useful purpose. It is sufficient to say that the vital points of defendant's testimony were that he had given the note "by mistake", without reciting of what the mistake consisted, or how it arose; that the reference to repairs in the note was "put in by mistake", and that he "was not liable for any repairs", neither of which statements was explained or enlarged upon. The remainder of his testimony for the most part supported plaintiff's position rather than his own.

The salient parts of plaintiff's testimony were that defendant had sought a release from his lease and had later vacated the property; that soon afterwards plaintiff verbally presented his claim for a total of $211, but agreed to accept $200 in settlement; and that defendant immediately paid $50 in cash, and to cover the balance gave the note which is here in suit.

"No particular sanctity attaches to a promissory note. It is subject, at the suit of the original payee, to any of the defenses available against the enforcement of written contracts." McReynolds v. National Woodworking Co., 58 App.D.C. 197, 26 F.2d 975, 977. But a defendant must do more than merely suggest a defense. He must come forward with evidence to sustain the burden which the law casts upon him. That is the law in contract cases when the defense is want of consideration [1] or mistake;[2] it is likewise the law in suits upon promissory notes.[3]

That the defendant failed to meet that test is clear from the record. His duty to pay is equally clear.

Affirmed.

---

[1] Watson v. Dunlap, D.C., Fed.Cas.No. 17,282, 2 Cranch, C.C. 14; Jones on Evidence, Civil Cases, 4th Ed., Page 320.

[2] Ibid. Page 321.

[3] See exhaustive collection of cases cited in Brannan's Negotiable Instruments Law, 6th Ed., Page 363.