### GROSS v. DELANEY.
### No. 123.

Municipal Court of Appeals for the District of Columbia.

Nov. 16, 1943.

Morris Miller, of Washington, D. C., for appellant.

Paul Lyne Delaney, of Washington, D. C., pro se.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Suit was brought by appellee as endorsee and holder of promissory notes executed by appellant. The defense was that plaintiff was not a bona fide holder for value. After trial by the court, without a jury, judgment was entered against appellant for the amount of the notes with interest.

The evidence was that appellant had employed one Redman to perform certain electric, tile and carpenter work. On August 23, 1941, he gave Redman a negotiable note for $153.50, payable without interest in sixty days. On the margin was a notation: "For complete electric work 4543 Grant Rd., all labor and materials." The note was payable at 506 Union Trust Building, appellee's office address.

On August 30, 1941, appellant gave Redman a second note for $519, payable in ninety days with interest at the rate of six per cent. This note was payable at the Lincoln National Bank.

Appellant claims that he gave Redman the notes with the understanding that he would complete his work. He left for London September 3, and when he returned about the middle of October, he found that some of the work had not been done and other work had been done in an unskillful manner.

Appellee testified that he purchased the notes for their full face value. He produced a check to Redman's order dated August 25, 1941, and paid by his bank on the same day, for $153, on which was a notation: "On Gross note." Three other

---

[12] Mohr v. Williams, supra, and Rolater v. Strain, supra.

paid checks were produced, which, with a cash payment, aggregated the total amount of the second note. The last check, dated and paid September 8, 1941, bore the notation: "Bal. on Gross note."

The claim that appellee was not a holder in good faith is based on the following circumstances: That appellee had obtained a credit report on appellant two days prior to the execution of the first note; that appellee was Redman's attorney; that appellee had permitted Redman to use his office address and telephone number; that appellee paid the face amount of each of the two notes, one of which bore no interest; that the first note bore the notation quoted above; that it was payable at appellee's office; that an attorney occupying the same office with appellee, after the first note was defaulted and before the second was due, filed a mechanic's lien in Redman's name for the amount of both notes; and that although Redman was made defendant with appellant in the present action, and testified as a witness for appellee, he was not served with process until the day of the trial and judgment was not taken against him.

It was also shown that there was litigation between appellant, Redman and others involving the work on appellant's property, in which appellant obtained a default judgment for $961 against Redman. Appellee was not a party or attorney therein.

Appellant asserts that the circumstances show that appellee did not purchase the notes in good faith and was not a bona fide holder. He does not indicate the particular respect in which good faith was lacking.

■ Redman's promise to complete his work was a valid consideration for the notes.[1] Whatever defense, if any, appellant might thereafter have would be failure, not lack, of consideration.

There is no evidence of the stage the work had reached when appellant gave Redman the notes. The record does not indicate the extent of Redman's contract or the sum involved. But it is clear that Redman's work was then unfinished and appellant testified that the notes were delivered on the "understanding that he would complete" the electric, carpentering and tile work. It was not claimed that the delivery was conditional or that there was a restriction placed upon his right to negotiate the notes.

The execution of the notes by appellant and their sale to appellee were substantially simultaneous, so that there could have been no intervening breach of contract or changed conditions, creating a defect in Redman's title or right to negotiate as of the time appellee's right accrued.

■ This is not a case where a negotiable note is given in consideration of work to be performed or completed, and is held by the payee until an entire or partial failure of consideration results from breach of the agreement.[2] But where, as here, the notes have been negotiated before a breach occurs, knowledge of the fact that the notes were given for work to be performed is not notice of an infirmity in payee's title, and does not put the purchaser from payee on inquiry.

"The courts quite universally hold that knowledge that a note was given in consideration of the executory agreement or contract of the payee which has not been performed will not deprive the indorsee of the character of a bona fide holder, unless he also has notice of the breach of that agreement or contract." [3]

■ One purchasing such a note before the breach acquires an indefeasible title.[4]

We must assume, therefore, that the circumstances recited by appellant are directed to the question whether appellee did in good faith purchase and pay for the notes at the time and in the manner claimed. The affirmative proof was very convincing. To accept appellant's theory we would have to hold that the transaction between appellee and Redman was a gross fraud; that Redman did not intend to complete his contract, and that this was known to appellee; and that to create an enforcible claim against appellant, Redman and appellee conspired to make a colorable sale of the notes. The evidence certainly does not establish these charges, nor, in our opinion, justify a suspicion of their existence.[5]

[1] Interstate Bankers Corporation v. Kennedy, Mun.App.D.C., 33 A.2d 165.

[2] McReynolds v. National Woodworking Co., 58 App.D.C. 197, 26 F.2d 975; Sheriger v. Gruner, Mun.App.D.C., 34 A.2d 35.

[3] McKnight v. Parsons, 136 Iowa 390, 113 N.W. 858, 859, 22 L.R.A.,N.S., 720, 125 Am.St.Rep. 265, 15 Ann.Cas. 665.

[4] Piedmont Carolina R. Co. v. Shaw, 4 Cir., 223 F. 973.

[5] Hutchins v. Langley, 27 App.D.C. 234.

The trial court in a written opinion analysed the evidence with painstaking care, and we hold that its finding that appellee was a bona fide holder for value was correct.

Affirmed.