## COOPER v. MAROSY.

### No. 263.

Municipal Court of Appeals for the District of Columbia.

April 6, 1945.

Ben Lindas, of Washington, D. C., for appellant.

Byron G. Carson, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

The suit below was on a promissory note of $400. Defendant claimed a credit of $200 represented by two checks of $100 each.

Plaintiff testified that there had been a series of earlier transactions involving the sale of top soil to defendant, on account of which defendant had given him a note for $700; that defendant had thereafter bought additional top soil from him and accordingly owed him more money (the record does not disclose how much more); that on September 19, 1941 defendant gave him the $400 note which is here involved, a check for $282.50 and also two checks for $100 each. One of these checks was dated May 16, 1942 and bore a notation "Payment on note." the other was dated September 8, 1942 and bore a notation "Payment on note top soil." All three checks were in evidence. Plaintiff testified that as part of the same transaction he surrendered the earlier $700 note to defendant; that the $282.50 check was paid shortly thereafter and the two postdated $100 checks were paid at about the time of their respective dates, but that nothing had been paid on account of the $400 note in suit.

Defendant testified that the two $100 checks were given on the dates they bore, as part payment on the $400 note. The trial judge disallowed the claim for credit and ordered finding and judgment for the full amount of the note.

Appellant argues that there was an account stated between the parties, represented by the $400 note and the concurrent payment of $282.50 and that the two $100 checks must be treated as payments on the $400 note. Appellee does not deny that on September 19, 1941 there was an account stated between the parties but insists that it was "stated" or arrived at on a different basis—namely that the three checks totalling $482.50, together with the $400 note were given to liquidate an existing obligation of $700 plus the additional amount due on contract or open account.

Bowdler v. Billings-Chapin Co., 47 App.D.C. 164, held that whether there was an agreement between the parties constituting an account stated is a question for the jury, where the evidence concerning such agreement is conflicting. Here the evidence was sharply conflicting as to what balance the parties had struck. Plaintiff claimed that the checks were postdated and were to apply on the old account, while defendant insisted that the checks were not postdated but were given on their respective dates, on account of the new $400 note.

We cannot choose between these two versions. They reflect a factual dispute which was presented to and decided by the trial judge. Arguments can be and presumably were advanced in support of the credibility of each contention. We cannot satisfactorily review this issue of fact on the paper showing before us.

Appellant also contends that it was error to permit plaintiff to testify that the two $100 checks were postdated. He insists that it was a violation of the parol evidence rule to permit plaintiff to say that the checks were made or delivered on a date other than the dates shown on their face. The suit being between the original parties to the instrument it is elementary that the entire transaction may be explained. Morris Plan Co. of Rhode Island v. Di Stefano, 53 R.I. 190, 165 A. 365. To the same effect are McReynolds v. National Woodworking Co., 58 App.D.C. 197, 26 F.2d 975; Sheriger v. Gruner, D.C.Mun. App., 34 A.2d 35; Stringfellow v. Rosebrough Monument Co., Mo.App., 196 S.W. 1050. Our Code, 28—112, provides that the date on a negotiable instrument is "deemed prima facie to be the true date of the making * * *" thereof. But this, of course, is merely prima facie or presumptive, and between the original parties is subject to explanation, clarification, or even contradiction. See District of Columbia v. Camden Iron Works, 181 U.S. 453, 21 S.Ct. 680, 45 L.Ed. 948, where the Supreme Court held that parties may prove by parol evidence that a deed or contract was executed and delivered at a date subsequent to that shown on its face.

Affirmed.